## No. 6466.

·CELINA BOUTTÉ, WIFE, ETC., ET AL. VS. EXECUTORS OF FRANÇOIS BOUTTÉ ET AL.

| | |
|---|---|
| 30 | 177 |
| 45 | 1421 |
| 45 | 1484 |
| 30 | 177 |
| 46 | 633 |
| 46 | 709 |
| 46 | 769 |
| 30 | 177 |
| 49 | 1648 |
| 49 | 1657 |
| 30 | 177 |
| 110 | 932 |

Where two separate appeals from two separate decrees are granted on the prayer of one petition, and the appeal bond only refers to one of the decrees, the appeal from the decree not referred to in the bond will be dismissed.

·One who has been improperly made a party to an appeal is not qualified to ask that the appeal be dismissed.

·One who was not a party to the suit in the court below, can not be made a party appellee to it.

'The widow and heirs of a decedent have a right to intervene and appeal from a judgment affecting the possession or title to real estate belonging to the succession, even when the executors of the decedent are parties to the judgment, and have appealed from it.

.A party to a partition suit who has taken a devolutive appeal from the judgment ordering the sale of the property to effect the partition, can not, after the property has been sold, suspensively appeal from a decree of court ordering the sheriff to put the purchaser of the property into possession of it.

A wife is sufficiently authorized to take an appeal when her husband joins her in the petition for it.

When all the appellees ·are actually cited, it does not matter that the petition for appeal does not set forth the names of them all.

When the order for a devolutive appeal, and appeal bond are filed within a year from the date of the judgment appealed from, the appeal will be maintained. although it appears that the citations of appellees were not served until after the expiration of the year.

The probate court has no jurisdiction of a suit.brought by the heirs of one succession, against the executor of another succession, for a partition of property which belongs, in certain undivided proportions, to both successions.

To maintain a suit for partition, the heir who brings the suit must make each one of his co-heirs a party to the proceeding. Every person interested, must be made parties to the suit.

In a suit for the partition of real estate owned in part by the heirs of a succession, the executor of the succession has no legal power to represent either the heirs, or the succession.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*McEnery, Ellis & Ellis* and *T. A. Bartlett* for plaintiffs and appellants.

*J. Ad. Rozier, E. Bermudez,* and *J. Meunier* for defendants and
appellees.

The opinion of the court on the motion to dismiss was delivered
by SPENCER, J., and on the merits by MANNING, C. J.

### ON MOTION TO DISMISS.

SPENCER, J. Plaintiffs, as heirs of Charles P. Boutté, brought this
suit against certain of their co-heirs, and against the executors of Fran-
çois P. Boutté, for partition of certain property in New Orleans, owned
one third by Charles P. Boutté and two thirds by François P. Boutté.
The widow and heirs of François P. Boutté were not cited or made
parties to this suit.

On fifth August, 1875, judgment was rendered decreeing a sale of
the property and partition of the proceeds. On fourth of December,
1875, the property was sold by Guinault, auctioneer, and purchased by
Mrs. Anaïs Berens. The executors of François P. Boutté refused to
give possession to the purchaser, and she thereupon took a rule on the
auctioneer to show cause why he should not put her in possession. This
rule was made absolute on fourth February, 1876. The executors still
refusing, she proceeded against them for contempt, but they were dis-
charged by the court. Thereupon the purchaser, Mrs. Berens, took a
rule on them to show cause why the sheriff should not put her in posses-
sion. This rule was made absolute, and the sheriff ordered to put her
in possession, by decree of date May 25, 1876.

On thirty-first May, 1876, the executors of François P. Boutté, his
widow and heirs, by motion in open court took a suspensive appeal from
this order or decree of twenty-fifth May, 1876, directing the sheriff to
put Mrs. Berens in possession, and gave bond for $10,000, the amount
fixed by the court.

On twenty-ninth July, 1876, the same parties (executors, widow and
heirs of François P. Boutté), by petition, took a devolutive appeal from
the judgment of partition of date August 5, 1876, and also from the
decree on rule against the auctioneer, of date February 4, 1876, and gave
bond. Other appeals or motions for appeal are in the record, but seem
to have never been perfected by the parties asking them, and need not
be further considered.

We have then before us—

First—A suspensive appeal from the judgment of twenty-fifth May,
1876, on rule against the executors of François P. Boutté, taken by
motion in open court.

Second—A devolutive appeal from the judgment of fifth August,
1875, decreeing sale and partition. Appeal taken by petition.

Boutte et al. vs. Executors of Boutte.

Third—A devolutive appeal, by same petition, from the decree of fourth February, 1876, on rule against the auctioneer.

Mrs. Berens has filed motion to dismiss all these appeals, on grounds some of which will be hereafter stated.

We shall dispose of the three in inverse order, beginning with the third one, the appeal from the decree against the auctioneer. It was taken by petition. We find no bond of appeal. This third appeal was obtained by the same petition and order as the second above named, but the appeal bond only mentions the judgment of partition of fifth August, 1876. It does not cover the decree of fourth February, 1876. The appeal so far as relates to this decree of fourth February against the auctioneer must therefore be dismised.

The second appeal, as above stated, is taken from the judgment rendered fifth August, 1875, ordering sale and partition, in this suit of " Celina Boutté et al. vs. Executors of François P. Boutté." Mrs. Berens was *no party* to that suit *in the court below.* She can not therefore be cited and made *party appellee in this court.* She was improperly cited, and not being a party to the appeal, she has no right to move its dismissal, except so far as to have herself dismissed as improperly made a party. See 21 An. p. 117, Succession of Tyson.

It is therefore unnecessary to consider the various objections urged by her to appellants' appeal from this judgment of fifth August, 1875. She is not in a position to urge them, and is not legally before this court. A person not a party to the record below, *may be an appellant* but *never an appellee.*

The first appeal above stated, to wit: That from the decree on the rule against the executors of François P. Boutté, ordering the sheriff to put Mrs. Berens in possession, was taken by motion in open court by the executors of François P. Boutté, who *were* parties in the court below, and by the widow and heirs of same, who *were not parties* in the court below.

We see no reason for doubting the right of the widow and heirs, alleging injury to themselves from the order or decree of twenty-fifth May directing the putting in possession of Mrs. Berens, to appeal therefrom. The executors, in proceedings affecting the title or possession of the real estate, do not necessarily represent the widow in community and heirs at law. The conditions of the appeal bond are in accordance with the Code. Art. 579. But the executors seem to us to stand in a different position. We agree with the counsel for Mrs. Berens, that for them the right of appeal from said order did not exist. They were parties defendant in the partition suit, wherein was rendered a decree directing the sale of the property. If they desired to prevent the execution of that judgment they should have appealed *suspensively* from it.

They saw proper not to do so, and have taken only a devolutive appeal, which left the judgment, so far as they are concerned, executory. The mandate of the court for the sale accordingly issued, the property was sold, and adjudicated to Mrs. Berens. The decree or order directing her to be put into possession was only one step more *in execution* of the original judgment.

It is therefore ordered, first, that the motion to dismiss the appeal from judgment of twenty-fifth May, 1876, be overruled as to the widow and heirs of F. P. Boutté; and sustained so far as his executors are appellants. These executors, however, are *ex necessitate* appellees in the appeal taken by the widow and heirs. The appeal having been taken by motion in open court, and the bond being in favor of the clerk, all parties to the record not appellants are appellees. Second, that the motion of Mrs. Berens to dismiss the appeal taken from the judgment of partition of date August 5, 1875, be disregarded and overruled, she not being a party thereto. Third, that the motion to dismiss the appeal from decree of fourth February, 1876, directing the auctioneer to put Mrs. Berens in possession, be sustained, and the appeal dismissed.

### On Motion of Celina Boutté to Dismiss Appeal.

The record in this case is very voluminous—unnecessarily so. It is confused. There are no less than thirty parties to it; and not less than six appeals, or attempts at appeals embraced within it. But as we stated in the opinion rendered on the motion of Mrs. Berens to dismiss, there are but three appeals before us, to wit:

First—That from the order directing the auctioneer to put Mrs. Berens in possession, of date February 4, 1876.

Second—That from the order of twenty-fifth May, 1876, directing the civil sheriff to put Mrs. Berens in possession.

Third—That from judgment of partition of date August 5, 1875.

In the opinion heretofore rendered we overlooked the motion of Mrs. Celina Boutté to dismiss. She adopts the objections of Mrs. Berens. We have already dismissed the appeal *first* above described. We have already considered the objections of Mrs. Berens to the *second* appeal, and as Mrs. Boutté urges and can urge none others than those of Mrs. Berens, it is unnecessary to refer again to this second appeal. But Mrs. Boutté occupies a different position from Mrs. Berens as to the above named *third* appeal. She is a party to it. Mrs. Berens was not. We must therefore consider the objections, which we declined to do for Mrs. Berens.

First—It is objected that Lucette Aleix is not authorized by her husband to take this appeal. The petition of appeal is that of the wife *and of the husband*. He joins her in it and this is sufficient.

Second—It is further objected that the executors of Charles P. Boutté are not cited as appellees. They were not parties below. Nor is the executor a necessary party to a suit for partition of an estate.

Third—The petition of appeal does not set out the names of all the appellees. It asks that all the parties to the suit be cited. *Id certum est quid redire certum potest.* They were all cited.

Fourth—The judgment of partition appealed from was signed Aug. 5, 1875. The petition of appeal was filed twenty-ninth July, 1876, appeal granted and order signed August 1, 1876, and bond filed August 3, 1876. The citations were served after the expiration of the year. The order of appeal was granted, and bond filed within the year. This suffices. 10 L. 150.

The motion to dismiss is overruled.

---

### On the Merits.

MANNING, C. J. Charles and François Boutté were brothers, and owned an improved lot in this city together, but in unequal parts. Charles owned one third only—François, the residue. Charles died leaving thirteen heirs. Afterwards François died, leaving a widow and twelve children, and his executors duly opened his succession. Some of the heirs of each brother were and are minors. This improved lot is their only property, but it is valuable, being appraised at forty thousand dollars.

Nine of Charles' heirs are plaintiffs in this suit, and the executors of François, and the four other heirs of Charles are defendants. It is an action of partition, instituted before the Second District Court of New Orleans.

The question of jurisdiction has been pretermitted in the printed briefs on both sides. Nevertheless we think it decisive of the controversy. There has been great doubt and incertitude in the profession as to the forum which has cognisance of partitions under the constitution of 1868, and there was good reason for it. The counsel of Mrs. Berens, the adjudicatee of the property at the sale under the decree for partition, refers us to art. 1022 of the Code of Practice as conclusive of the dispute—all partitions of succession property shall be made by the court of probates of the place where the succession is opened. But this is not a partition of succession property. It is property the partition of which one succession, a distinct entity, claims of another.

All successions, says the constitution, shall be opened and settled in the parish courts. art. 87. And therefore the succession of each one of the brothers by itself, and apart from the other, must be made in the

court having probate jurisdiction. No one would think of mingling the two successions in a common mortuary proceeding, because the decedents together owned property in common. This distinction seems to have been in some sort in the mind of the draughtsman of the petition, though he failed to act on it. He did not allege that the succession of Charles Boutté was opened in the Second court, and that certain property belonging to its heirs was required to be partitioned among themselves, for in that case the Second court would unquestionably have had jurisdiction of the partition of the property of that succession, i. e. of the one third of the improved lot. The allegation is, that certain named persons own property in common with the succession of François Boutté and other named persons—that these co-proprietors own it in certain designated proportions—that the petitioners are unwilling to remain any longer in a state of indivision with their co-proprietors, and ask for a partition. Here is not a succession to be settled, and property, exclusively its own, to be partitioned among the heirs to that succession. If after Charles' death, François, who survived him, had immediately thereafter sued the succession of Charles for a partition of this property, can it be doubted that the court of ordinary jurisdiction would alone have had cognizance of the action? How is the case altered when, François being also dead, a partition is sought of the property owned by two distinct juridical beings? The Second Court had not jurisdiction of the action, just as it is without jurisdiction of an action of partition between two individuals, who are majors and own property in common in their own right.

But if it had jurisdiction, it had not the proper parties before it. The Codes say ;—the suit for partition ought to be instituted by the heir who wishes the division and the co-heirs or their representatives must be cited. Civil Code, art. 1252 new no. 1329. The heir desirous of obtaining a partition shall present his petition praying that his co-heirs be cited. Code of Practice, art. 1024.

None of the heirs of François Boutté are parties to this suit, and his executors are without authority to represent them, and without power to represent the succession in a suit of this kind. The heir is not bound by the judgment of partition if he was not a party to the suit in which it was rendered. Guidry case, 16 La. 157. All the parties interested in the property to be partitioned must be parties to the suit which demands the partition. Kendrick's case, 19 La. 36. Chalon v. Walker, 7 Annual, 477. In this last case, like the one before us, the executor alone was cited, and though there was a dissenting opinion read by Justice Preston, he concurred with the court on that point, saying—the action for partition is undoubtedly a real action, and the heirs should have been made parties to it.

It is said in appellee's brief that the succession of François Boutté is insolvent, and as his heirs have no interest, they need not be made parties to this suit. The record does not allege or shew its insolvency. But assume that it is insolvent, then its property can be sold to pay its debts under an order of sale from the probate court. One does not resort to an action of partition of realty to obtain the sale of property in which creditors alone are interested. The plaintiffs treated the succession as solvent by suing for a partition of its realty. But a better answer is, that this suit is not a proceeding in settlement of a succession, but a proceeding to separate the interests of one succession from the interests of another succession, leaving each of them to be separately settled in the probate court after that separation is effected. The articles of the Code, and the decisions of this court, cited by the appellee, have reference to cases wherein the co-heirs of the same succession are seeking to divide property which is common to all of them, and which they derived from a common ancestor.

The order of May 25 1876 directing the sheriff to put the purchaser in possession, and the judgment of August 5 1875 decreeing a partition of the property by licitation, are erroneous, and therefore

It is ordered adjudged and decreed that the judgment of the lower court decreeing a partition and sale of the improved lot owned by the two successions of Charles and François Boutté, and the order to the sheriff to put Mrs. Berens in possession thereof, are annulled, avoided, and reversed, and that the appellee pay the costs of this appeal.