No. 8867.

SUCCESSIONS OF P. C. CLAIRTEAUX AND U. CLAIRTEAUX.

Appeals will be dismissed where one bond only was furnished, under motions and orders of appeal from two judgments in two distinct and separate matters.

Widows in necessitous circumstances, who remain in possession of a small farm, in insolvent successions, which was exposed to be sold at any moment, to pay debts and to keep which a keeper would, otherwise, have to be employed, will not be charged for the value of the occupancy.

Where the residue in such successions is insufficient to pay both the privileges and the homestead, the court will abstain from passing critically on the merits of subsequent claims, to which nothing, in any event, could accrue.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn, J.*

*Jos. Brewer* for Opponents and Appellants.

*Jos. H. Spearing* and *A. E. Billings* for Opponents and Appellants.

*C. W. Besançon* for the Administratrix.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. C. A. Philippi & Co., Ferdinand Samuel and Jules Samuel, appeal from judgments dismissing the oppositions which they have respectively filed to the accounts rendered in these two successions.

The administratrices move that the appeal taken by the Samuels be dismissed, among other reasons, because, there being two judgments, there should have been two motions and orders of appeal and two

bonds, one in each case, as there were two suits in each succession, and one bond only was furnished.

The oppositions were not consolidated below, to be tried together and determined by one and the same judgment. The order of consolidation was made after judgment. There were two judgments rendered, and two appeals taken. There should have been two bonds given.

The appeals of F. and J. Samuel are dismissed

### ON THE MERITS OF THE OTHER OPPOSITION.

C. A. Philippi & Co. claim to be placed on the account in each succession for balance due them as advances made for the working of a small farm, owned in common by the Brothers Clairteaux, and the reimbursement of which was secured by mortgage on the land. They also claim that the amount allowed by each account to the widow of each of the brothers, as a homestead, should be stricken therefrom, or, at least, credited with the value of the occupancy and enjoyment of the property from the time of death to the date of sale.

The inventory shows that the piece of real estate owned by the two brothers was appraised, as a whole, at $1,500. It, however, sold for $2,500; some movable effects realized in one of the successions the sum of $221.

The account presented by the administratrix of the Succession of Ursin Clairteaux shows assets for $1,471.65, privileged liabilities for $595.32, and strikes a balance of $876, which it allows to the widow as in necessitous circumstances.

The other account, in the succession of P. C. Clairteaux, amounts, as assets, to the sum of $1,250, against which privileges for $370 are charged, leaving a balance of $879, which is allowed to the widow as her homestead.

The penurious circumstances of the widows is established. Nothing shows that the occupancy of this small property was worth more than what it would have cost to pay a keeper to take care of it. Had it been vacated, it would have remained either abandoned and exposed to ruin and devastation, or put in charge of a keeper, whom it would have been necessary to pay.

It is not shown that it could have been rented for anything. Indeed, how could it have been rented, belonging, as it did, to a thoroughly insolvent estate, and exposed at any time to be sold for the payment of the debts.

As the claims for a homestead absorb completely the residue of the assets, and rank, without doubt, Philippi & Co., who are not vendors,

but who only claim to be ordinary mortgage creditors, it is needless to review critically the judgment of the lower court, as nothing can actually accrue to these opponents.

An examination of the evidence and a consideration of the law do not enable us to say that the lower court erred.

The judgment is affirmed with costs.

Rehearing refused.