## No. 9200.

### SUCCESSION OF JOHN GEDDES.

Where an appeal has been granted, under a mandamus from this Court, in conformity to our ruling. a motion to dismiss, based upon the same grounds as was the refusal of the lower court to grant the appeal, cannot prevail.

Where three separate issues are made in the settlement of a succession, all tending to one conclusion, and are the subjects of separate judgments, they may be all brought up in a single appeal, and one appeal bond is sufficient.

The functions of an executor are at an end when he has discharged the debts and legacies and rendered his account. He cannot afterwards prolong his administration for the purpose of effecting, by suit, a liquidation of the conjugal community that existed between the testator and his surviving spouse, and a partition of the community property, not even if joined by the heirs in such suit.

When his duties have terminated and his account homologated he cannot properly refuse the demand, made by the widow in community or heirs, to surrender the property in his hands to them. The settlement of the community and partition of the property must be left to them.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*T. Gilmore & Sons* for the Appellant.

*J. Ad. Rozier* and *W. B. Lancaster* for the Appellees.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. There are two appeals—the first embracing three several judgments—one on a rule taken by Mrs. Geddes on the executors to pay legacies, etc. and close their administration; the second, decreeing a liquidation of the community in order to determine the respective rights of the widow and the heirs of the deceased; the third for the taking of depositions of witnesses before a notary. The other appeal is from the final judgment discharging the rule taken by Mrs. Geddes on the executors to surrender the property, assets, and funds of the succession.

1. The first ground for dismissal is that one of the judgments is interlocutory, did not need the signature of the judge, and not having been taken at the same term at which it was rendered, the appeal should have been taken by petition.

The appeal was granted under a mandamus from this Court, and in the opinion therein rendered we said the judgment was final as to the matter therein embraced. The appeal was taken during the term in which the judgment was signed.

2. Objection is made to the certificate of the clerk, but we find it in form, and the clerk has copied all the record. That he did not specify to which order or judgment each paper or document was applicable doubtless creates confusion, but that fault is not imputable to the appellant.

3. That the record and certificate were made under the instructions of the appellant's counsel appears to be an error of fact. None were given.

4. That three separate bonds should have been given for the appeal from the three several orders. The bond was given in conformity to the order of the judge rendered upon our mandamus, and also in conformity to the ruling in Suc. Clark, 30 Ann. 801.

5. We said in the opinion on the mandamus that the suspensive appeal necessarily suspended also the order for taking depositions.

Had the movers attentively read that opinion, they would have found most of the objections they now raise already answered.

The motion is denied.

---

### ON THE MERITS.

TODD, J. John Geddes died in the city of New Orleans, on the 17th of January, 1883, leaving a last will which made special legacies to the surviving wife and several other persons, and bequeathed the remainder to his next of kin under universal title, and appointed J. A. Shakespeare and Alden McClellan, executors.

The property left by the testator was inventoried at $147,910 84 and was all community property acquired during the marriage between him and his surviving spouse. There were no debts except those of the last illness and the funeral charges.

The debts and special legacies have all been discharged.

There are appeals before us from four judgments:

1. One discharging a rule on the executors to pay the legacies and erect a tomb over the remains of the deceased.

2. A second decreeing a liquidation of the community between the deceased and his surviving widow, in an action for that purpose instituted by the executors.

3. A third ordering the taking of depositions to be used in the partition or settlement of the community, and

4. Fourth and lastly a judgment discharging a rule taken by Mrs. Geddes on the executors to surrender the property and assets of the succession to herself and the residuary legatees.

Mrs. Geddes is appellant from these several judgments.

Inasmuch as it appears that the executors have discharged the legacies and erected the tomb, and since the order providing for the taking of the depositions mentioned depends on the determination of the suit for the liquidation and partition of the community, we shall confine our attention to the consideration of the judgment and proceedings of this last named case and of that rejecting the widow's demand for the surrender of the property.

*First*—As stated before, the debts and legacies have been discharged. The property in the hands of the executors belongs jointly to the widow and the legatees under universal title. There was no necessity for the executors to prolong their possession of it till the liquidation of the community and partition of the property thereof could be effected. Their continued possession of it was not required for such purpose. Even if it be true that upon a settlement of the community the widow would be largely indebted to the heirs or legatees, such fact would not justify any action on the part of the executors looking to the benefit of the latter. It is to be presumed that without the aid of the executors they would be able to take care of themselves and secure their own rights, and the law affords every means and facility for doing so that it does to other parties similarly situated.

In point of fact the functions of the executor ceased when the debts were paid and the special legacies discharged. Nor does it affect the question that the heirs joined the executors in this settlement or partition suit. The institution of such a suit was wholly unauthorized and the irregularity was not cured by action of the heirs. They could not legally join the executors in such an unwarranted action. C. C. Arts. 1668 to 1671; 4 Ann. 571; 6 Ann. 61; 32 Ann. 321.

It is however urged that Art. 1135 of the Civil Code furnishes a justification for such a suit. This article is found in the chapter of the Code which treats of the administration of vacant successions, and it might be well doubted whether it refers even indirectly to the duties

of executors, but apart from this, a careful reading of the article and comparing it with the French text fully satisfies us that the word "community" in the article has no reference to the conjugal community.

*Second*—It follows as a corollary from the foregoing that the legal functions of the executor having terminated and all the purposes of their appointment having been accomplished, and their account having been filed and homologated, nothing more was left for them to do but to surrender the property to the joint owners, leaving them to make all necessary settlements between themselves. Suc. Baumgarden, 36 Ann. 46.

It is, therefore, ordered, adjudged and decreed that the judgments of the lower court appealed from be annulled, avoided and reversed, and proceeding to render such judgments as should have been rendered, it is further ordered that the exception of Mrs. Geddes to the suit for the liquidation and partition of the community be sustained and said suit dismissed, and that the rule taken on the executors for the surrender of the property in their charge to the widow and heirs of John Geddes be made absolute. Appellees to pay costs of both courts.