139 So. 764

**PICHON et al. v. PICHON LAND CO.**
No. 31569.

Feb. 1, 1932.

George E. Williams and J. S. Gautreaux, both of New Orleans, for appellant.

Hiddleston Kenner, of Lacombe, for appellee.

ROGERS, J.

The defendant corporation sued Septime Pichon, one of its stockholders, on a promissory note in the city court of New Orleans. Pichon and three other stockholders then applied in the Twenty-Second district court for the parish of St. Tammany for the liquidation of the corporation in accordance with Act No. 250 of 1928. Later the four plaintiffs, by supplemental petition in that proceeding, obtained an ex parte injunction restraining the prosecution of the suit against Septime Pichon in the city court of New Orleans until the suit for the liquidation of the Pichon Land Company should be decided.

The Pichon Land Company filed a rule to have the injunction set aside. This rule and the merits of the suit for the liquidation of the corporation were heard and decided on the same day. The court below rendered two judgments; one rejecting the demand for the liquidation of the defendant corporation, and the other recalling the order granting the injunction.

Plaintiffs moved orally in open court for an appeal, suspensive and devolutive, and their motion was granted by the court below.

Defendant and appellee has moved to dismiss the appeal on four specific grounds, viz.: (1) That the motion and order of appeal failed to specify which of the two judgments was appealed from; (2) that the recitals of the appeal bond are not in conformity with section 5 of Act No. 29 of 1924; (3) that the appeal was not made returnable in ten days as required in suits for the appointment of receivers; and (4) that the appeal bond was not timely filed.

We find that the first ground urged by the

appellee is sufficient to compel us to dismiss the appeal; hence it is unnecessary for us to consider the other grounds of dismissal set forth in the motion.

Both judgments in this case were rendered and signed in the court below on July 30, 1931. On the same day, the minutes of the court bearing on the case show the following entries, viz.: "Judgments read and signed in open court. On motion of counsel for plaintiffs, made in open court, it is ordered that the plaintiffs be granted an appeal, suspensive and devolutive, to the Honorable the Supreme Court of the State of Louisiana, returnable on September 25th, 1931, suspensive and devolutive, upon giving bond in the sum of $100.00."

Appellants obtained from this court an extension of time within which to file the transcript, and on November 14, 1931, filed an appeal bond for $100 in the court below.

Appellants say in their brief that appellee attacked the sufficiency of the appeal bond in the district court, on the ground that the surety thereon was a nonresident of the parish, and that, on the trial of the issue, the judge, acting under the authority of Act No. 225 of 1908, permitted them to furnish a new bond. There is nothing in the transcript lodged in this court which shows this; but, be that as it may, there is no question that only one bond was furnished by appellants under the order granting them an appeal.

It is apparent that the motion and order of appeal are defective and not such as to maintain an appeal. The motion does not apply for, and the order does not authorize, an appeal from both judgments; and, besides,

the appeal bond is not identified by its recitals with either judgment.

■■ Appeals will be dismissed where one bond only was furnished under motions and orders of appeal from two judgments in two distinct and separate matters. Succession of Clairteaux, 35 La. Ann. 1178. And omissions in an appeal bond of data sufficient to identify it with the judgment appealed from are fatal. Succession of Walker, 32 La. Ann. 525; Boutte v. Boutte, 30 La. Ann. 177; In the Matter of the Sheriffalty of Pointe Coupee, 19 La. Ann. 73.

■ A fortiori will an appeal be dismissed where one bond only was furnished under one motion and order of appeal not identified with either of two separate and distinct judgments sought to be appealed from.

There is nothing in the record indicating any error on the part of the judge, the clerk, or the appellee. On the contrary, the appellants must have known from what judgment or judgments they wished to appeal, and the character of appeal bond which they furnished.

For the reasons assigned, the appeal herein is dismissed.