5 So.2d 353

**In re LIBERTY HOMESTEAD ASS'N.**

No. 36423.

·Dec. 1, 1941.

Rehearing Denied Dec. 22, 1941.

Harry R. Cabral and James E. Courtin, both of New Orleans, for defendant in rule and appellant.

J. C. Henriques, of New Orleans, for appellees.

ODOM, Justice.

On February 5, 1937, Jasper S. Brock, then state bank commissioner and supervisor of homestead and building and loan associations, was confirmed as liquidator of the Liberty Homestead Association. Thereafter, he appointed William E. Wood as special agent to assist him, and Wood's appointment was confirmed by the court on February 10, 1937.

On April 12, 1938, the liquidator filed an account of his administration covering the period from the date of his confirmation to December 31, 1937. On that account there appeared the following items which he proposed to pay: Special Agent (William E. Wood), $15,958; attorneys (Charles J. Rivet and Louis H. Yarrut), $31,916. The liquidator filed this account with a petition to the court, praying that notice of its filing be advertised according to law and that it finally be approved and homologated. The court ordered that notice of its filing be advertised, and this was done. No opposition was filed to the account within the delays allowed by law, and on April 28, 1938, the account was approved and homologated by the court, the judgment of homologation reciting that due proof was made of the correctness of the account.

Jasper S. Brock was succeeded as state bank commissioner and liquidator of homesteads by Wilfred J Begnaud. On June 6, 1941, William E. Wood, special agent, ruled Wilfred J. Begnaud to show cause

why he should not be paid the sum of $5,958, this being the balance due him as special agent. The motion and rule to show cause recited that, after the account of Jasper S. Brock, liquidator, was approved and homologated by the court, Wood was paid the sum of $10,000 by the liquidator, leaving a balance due him, according to the account, of $5,958.

On the same day, June 6, 1941, Charles J. Rivet and Louis H. Yarrut ruled Wilfred J. Begnaud to show cause why they should not be paid the sum of $11,916, this being the balance due them as attorneys for the liquidator. The rule to show cause recited that, subsequent to the approval and homologation of the liquidator's account, they were paid the sum of $20,000 cash by the liquidator, leaving a balance due them of $11,916.

Wilfred J. Begnaud filed an answer to these rules on June 18, 1941. He filed only one answer, but in the answer he mentioned the rule filed by the special agent and that filed by the attorneys. He resisted the demands made by the special agent and the attorneys on the grounds that, as a matter of fact, the fees claimed were not earned; that the services for which the special agent and the attorneys claimed compensation were not actually rendered by them but were rendered by others, and that, "had the Court known the circumstances surrounding the realizations and distributions of the amounts made to the stock-holders on which the fees of the said Wood, Rivet and Yarrut were based, this Court would not have homologated and approved the account of April 12, 1938". He prayed that "the homologation of the

account filed herein on April 12, 1938, be set aside, and that if any fees are due to William E. Wood, as Special Agent, or to Charles J. Rivet, or to Louis H. Yarrut for services rendered this Liquidation during the period from February 5, 1937, to December 31, 1937, that they be based upon the services actually rendered in the course of the Liquidation". The liquidator reconvened and prayed for judgment against the said Wood, Rivet, and Yarrut "in such sum as the Court may award after this Court has set or established such fees, if any, as the court may deem proper in the premises for the services rendered by the said plaintiffs in rule".

On June 18, 1941, the court rendered judgment in favor of Charles J. Rivet and Louis H. Yarrut, making their rule absolute and ordering Wilfred J. Begnaud, liquidator of the Liberty Homestead Association, to pay to said attorneys $11,916, the amount claimed by them as the balance due on their fees.

On the same day, June 18, 1941, the court rendered judgment in favor of William E. Wood, special agent, making the rule which he brought against Wilfred J. Begnaud absolute and ordering the said Begnaud to pay Wood the sum of $5,958, the balance which he claimed was due him as fees.

On June 27, 1941, Wilfred J. Begnaud moved for, and was granted, an appeal to this court. The motion for appeal and the order granting it reads in full as follows:

"On motion of Wilfred J. Begnaud, Statutory Liquidator of the Liberty Homestead Association in Liquidation, defendant in rule filed herein by William E. Wood, Charles J. Rivet, and Louis H. Yarrut, through his attorneys, Harry R. Cabral and James E. Courtin and

"On suggesting to the Court that defendant in rule is aggrieved by the judgment herein rendered on June 18, 1941 and signed on the 18th day of June, 1941, in favor of William E. Wood, Charles J. Rivet and Louis H. Yarrut; that the said judgment is contrary to the law and the evidence, and that mover desires to appeal suspensively therefrom to the Supreme Court of the State of Louisiana;

"It is ordered that a suspensive appeal be granted to the said Wilfred J. Begnaud, Statutory Liquidator of the Liberty Homestead Association in Liquidation, defendant in rule, in the above entitled and numbered cause, returnable to the Supreme Court of the State of Louisiana, on the 7th day of August, 1941, upon said mover furnishing bond with good and solvent security, as provided by law.

"New Orleans, Louisiana, June 27th., 1941

(Signed) "Wm. H. Byrnes, Jr., "Judge."

On July 9, 1941, the liquidator filed a bond in the sum of $22,344, the bond reciting:

"Whereas the above bounden Wilfred J. Begnaud, Statutory Liquidator of the Liberty Homestead Association in Liquidation have [sic] this day filed motion of appeal from a final judgment rendered against him in the suit of 'In Re Liberty Home-

stead Association In Liquidation' No. 220,-666 of the Civil District Court for the Parish of Orleans, on the 18 day of June, 1941, and signed on the 18 day of June 1941.

"Now the condition of the above obligation is such, That the above bounden Wilfred J. Begnaud, Statutory Liquidator of the Liberty Homestead Association in Liquidation shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said Globe Indemnity Co. shall be liable in his place."

Appellees have moved to dismiss the appeal on three grounds. It is not necessary to discuss each of them because the appeal will have to be dismissed on the following ground, specifically set up in appellees' motion to dismiss:

"There were *two* separate and distinct judgments in favor of different and distinct parties; one judgment being in favor of Charles J. Rivet and Louis H. Yarrut, and the other judgment being in favor of William E. Wood; said judgments were rendered pursuant to *two* separate and distinct proceedings; only *one motion* was filed, *one order* of appeal obtained and *one bond* filed; the motion and order of appeal fails to specify which of the two judgments was appealed from; the motion does not apply for and the order does not authorize an appeal from *two* judgments, and the appeal bond filed is not identified by its recitals with either judgment."

As stated by counsel in their motion to dismiss, there were two separate and distinct judgments rendered against Wilfred J. Begnaud, liquidator,—one in favor of William E. Wood and the other in favor of Charles J. Rivet and Louis H. Yarrut. These separate judgments were rendered, read, and signed on the same day. A reference to the motion and order of appeal, which we have copied above, makes it perfectly clear that only one appeal was asked for and only one granted. The motion for appeal suggests that the defendant "in rule" is aggrieved by "the judgment".

The court ordered that "a suspensive appeal be granted" to Wilfred J. Begnaud, statutory liquidator of the Liberty Homestead Association, "defendant in rule", in the above-entitled and numbered "cause". There were two rules, two causes, two judgments. But the motion and order for appeal does not stipulate from which judgment the defendant appealed. The bond filed by defendant recites that, whereas Wilfred J. Begnaud, liquidator, has this day "filed motion of appeal from a final judgment rendered against him in the suit of 'In Re Liberty Homestead Association In Liquidation' No. 220,666" on June 18, 1941, and signed on the same day. The condition of the bond is such that the said Wilfred J. Begnaud "shall prosecute his appeal and shall satisfy whatever judgment may be rendered against him * * *, if he be·cast in the appeal; otherwise the said Globe Indemnity Co. shall be liable in his place".

The bond, like the motion and order for appeal, makes mention of only one judgment. There is nothing to identify the bond with either one of the judgments. For these reasons the appeal must be dismissed.

The identical question here presented was decided by this court in the case of Pichon et al. v. Pichon Land Co., 174 La. 77, 139 So. 764. There, as here, there were two separate and distinct judgments rendered in the lower court. There, as here, there was a motion to dismiss the appeal on the ground "That the motion and order of appeal failed to specify which of the two judgments was appealed from". In that case we said:

"It is apparent that the motion and order of appeal are defective and not such as to maintain an appeal. The motion does not apply for, and the order does not authorize, an appeal from both judgments; and, besides, the appeal bond is not identified by its recitals with either judgment."

For the reasons assigned, the motion to dismiss the appeal filed herein is sustained, and it is ordered that the appeal be dismissed.

O'NIELL, C. J., concurs in the decree on the ground that the order of appeal did not identify either of the judgments, but he is of the opinion that the State Bank Commissioner is exempt from giving an appeal bond, under Act 153 of 1912.

ROGERS, J., takes no part.