HIGGINS, Justice.
 

 The appellees, William E. Wood, Charles J. Rivet and Louis H. Yarrut, moved to dismiss the appeal on the ground that the district court rendered two separate and distinct judgments in favor of different parties and the motion and the order of appeal are not identified with either of the judgments sought to be appealed from. The appellant, Wilfred J. Begnaud, liquidator of the. Guardian Homestead Association, contends that while two summary proceedings were instituted against him by different plaintiffs, the matters were consolidated for trial and treated as one by the parties and, therefore, the judgments should be considered as one.
 

 On January 23, 1940, Jasper S. Brock, the liquidator of the Guardian Homestead Association, filed an account of his administration covering the period from October 1, 1938, to December 31, 1939, and the fee of William E. Wood, special agent, of $2,250, and the attorneys’ fees of Chárles J. Rivet and Louis H. Yarrut, attorneys for the liquidator, of $4,500 were listed therein. The account was duly advertised according to law and no opposition was filed thereto. After due proof of the correctness of the account was submitted, it was homologated by judgment of the district court on February 27, 1940.
 

 On June 7, 1940, Wilfred J. Begnaud succeeded Jasper S. Brock as state bank commissioner and liquidator of homesteads, and later refused to pay the fees due the attorneys and the special agent under the above judgment.
 

 On June 9, 1941, the attorneys and the special agent, by separate summary proceedings, ruled the defendant, Wilfred J. Begnaud, as liquidator of the homestead, to show cause why the amounts due them under the judgment should not be paid. The defendant filed only one answer in which he denied liability on the ground that the fees were not earned and averred that if the court had understood the circumstances under which the services of the parties were rendered, it would not have homologated the account on February 27, 1940. He prayed that the judgment homologating the account be set aside.
 

 The rules were consolidated and tried on June 19, 1941. On the same day, the court rendered separate judgments in favor of the attorneys for their fees amounting to $4,500 arid- in favor of the special agent for his fee of $2,250.
 

 Ori June 27, 1941, the defendant filed only one motion asking for a suspensive
 
 *110
 
 appeal from the “judgment” in favor of William E. Wood, Charles J. Rivet and Louis H. Yarrut rendered against him as liquidator of the homestead, and obtained one order for a suspensive appeal returnable to this Court. Neither the motion for nor the order of suspensive appeal in any way identifies them with either of the two separate judgments rendered in favor of the different plaintiffs in the summary proceedings.
 

 In the case of In re Liberty Homestead Ass’n, 198 La. 1068, 5 So.2d 353, the Court considered the identical question presented here and dismissed the appeal on the same ground urged herein, citing Pichon et al. v. Pichon Land Company, 174 La. 77, 139 So. 764. These authorities are decisive of the issue presented and we are therefore compelled'to sustain the motions to dismiss the appeal.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the appeal herein is dismissed.