Marguerite Adelaide Vienne and Mary Madeline Vienne, alleging that each sustained personal injuries in an automobile accident in which there was involved an automobile owned by Henry Chalona, and driven by his daughter, Lorraine, under circumstances which, it is alleged, rendered Chalona liable for his daughter's negligence, and charging that the said daughter's negligence was responsible for the accident, brought this single suit against Chalona and his liability insurance carrier, Standard Surety 
Casualty Company of New York, and prayed for judgments against the two defendants solidarily, Marguerite Vienne asking for judgment for $2,094.57 and Mary Vienne for judgment for $24,369.38, with interest, etc. There was a trial by jury. Two verdicts were rendered and, based on those verdicts, two separate judgments were rendered on the same day, one in favor of Marguerite Vienne for $100.82 and the other in favor of Mary Vienne for $1,762.
The two plaintiffs were dissatisfied with the respective awards and filed one motion for devolutive appeal. On this motion one order of appeal was granted. Appeal bond was fixed at $100. The said motion and order are in the following words and figures:
"On motion of plaintiffs, Marguerite A. Vienne and Mary Madeline Vienne, and on suggesting to the court that they are aggrieved by the judgment rendered herein on November 25, 1940, and signed on November 29, 1940; that the judgment is contrary to the law and the evidence in that the amounts awarded plaintiffs are inadequate, and that movers desire to appeal devolutively therefrom to the Court of Appeal for the Parish of Orleans:
"It is ordered that a devolutive appeal be granted to the said Marguerite A. Vienne and Mary Madeline Vienne, plaintiffs, returnable to the Court of Appeal for the Parish of Orleans on the 22nd day of May, 1941, upon the said parties furnishing bond, with good and solvent security in the sum of $100.00."
When the appeal was filed in this court, defendants-appellees moved to dismiss it on the following grounds:
"That only one motion was filed, one order of appeal obtained, and one bond filed; that
"The Motion and Order of Appeal fails to specify which of the two judgments was appealed from; and
"The Motion does not apply for, and the Order does not authorize an appeal from two judgments, and the appeal bond filed is not identified by its recital of either judgment."
Though there were two judgments, there was only one motion for appeal and it referred to only one judgment. Only one bond was required. There is nothing in the motion or in the order from which it can be determined which appeal is referred to. In Re Liberty Homestead Association, 198 La. 1068, 5 So.2d 353, 355, the Supreme Court, considering a situation which we cannot distinguish from that now under consideration, said:
"The bond, like the motion and order for appeal, makes mention of only one judgment. There is nothing to identify the bond with either one of the judgments. For these reasons the appeal must be dismissed. *Page 123 
"The identical question here presented was decided by this court in the case of Pichon et al. v. Pichon Land Co.,174 La. 77, 139 So. 764. There, as here, there were two separate and distinct judgments rendered in the lower court. There, as here, there was a motion to dismiss the appeal on the ground `That the motion and order of appeal failed to specify which of the two judgments was appealed from.' In that case we said:
"`It is apparent that the motion and order of appeal are defective and not such as to maintain an appeal. The motion does not apply for, and the order does not authorize, an appeal from both judgments; and, besides, the appeal bond is not identified by its recitals with either judgment.'"
Previously, in Pichon et al. v. Pichon Land Co., 174 La. 77,139 So. 764, 765, cited by the Supreme Court in the Liberty Homestead case, the Supreme Court had said:
"It is apparent that the motion and order of appeal are defective and not such as to maintain an appeal. The motion does not apply for, and the order does not authorize, an appeal from both judgments; and, besides, the appeal bond is not identified by its recitals with either judgment.
"Appeals will be dismissed where one bond only was furnished under motions and orders of appeal from two judgments in two distinct and separate matters. Succession of Clairteaux, 35 La.Ann. 1178. And omissions in an appeal bond of data sufficient to identify it with the judgment appealed from are fatal. Succession of Walker, 32 La.Ann. 525; Boutte v. Boutte ['s Ex'rs], 30 La.Ann. 177; In the Matter of Sheriffalty of [Parish of] Pointe Coupée, 19 La.Ann. 73.
"A fortiori will an appeal be dismissed where one bond only was furnished under one motion and order of appeal not identified with either of two separate and distinct judgments sought to be appealed from."
Counsel for appellees maintain that there is in our jurisprudence authority for their contention here that only one motion is necessary and that only one bond should be required. They cite Succession of Clark, 30 La.Ann. 801, and Succession of Geddes, 36 La.Ann. 963, and they quote the following from the former: "Where three separate questions, tending to one conclusion, arise in one and the same case, as for example, in the settlement of a succession, and having been consolidated by consent of parties are passed on in three separate decrees, rendered simultaneously, these decrees may all be brought before this court in one single appeal."
But there there was involved a succession proceeding, and though three separate questions were presented, they all tended "to one conclusion". The court said: "* * * The intimate connection of these questions would indicate the propriety of consolidating them, and of bringing them all before the court of original jurisdiction and before this court in one single proceeding. It seems to us the single trial of all these questions in the district court, and the single appeal including them all, consist perfectly with the interest and convenience of all the parties; and we know of no authority, no law or principle which forbids this mode of proceeding."
That may often be true in succession proceedings as it was also in the other case cited by appellants, Succession of Clark, supra.
But here there are two separate claims for damages and each is as distinct from the other as a different judicial entity as though the plaintiffs had not been related to each other and had not been injured in the same accident. We see no reason whatever for permitting two separate plaintiffs, who have two distinct causes of action, to appeal from two different judgments by one motion and on the furnishing of one bond.
The situation here is not similar to that which was presented in Mackin et al. v. Wilds, 106 La. 1, 30 So. 257, 258, where the court held that there should have been two bonds but that it was possible to identify the one bond which was filed with one of the appeals and that therefore that appeal should not be dismissed. The court said:
"But, because there was error in the way these appeals have been attempted to be brought up, it does not follow that both should be dismissed. The motion, order, and bond suffice, surely, to maintain one of the appeals."
We cannot say the same here for we cannot tell which plaintiff should be given credit for the motion and the bond. The appeal is dismissed.
Appeal dismissed. *Page 124