ROGERS, Justice
 

 (dissenting).
 

 In my opinion the judgment of the Court of Appeal under review is correct, and for that reason I am compelled to dissent from the majority opinion and decree herein.
 

 As pointed out in the opinion of the Court of Appeal, there are in this case “two separate claims for damages and each is as distinct from the other as a different judicial entity as though the plaintiffs had not been related to each other and had not been injured in the same accident.” [8 So.2d 122, 123.]
 

 There were two judgments rendered by the district court, but only one motion for an appeal, referring to only one judgment, was applied for and granted. Only one appeal bond was required and furnished.
 

 There is no good reason for permitting two separate plaintiffs, who have two distinct causes of action, to appeal from two different judgments by one motion and on furnishing one bond. The jurisprudence is to the contrary. Thus, in the recent case of In re Liberty Homestead Association, 198 La. 1068, 5 So.2d 353, 355, this Court held: “The bond, like the motion and order for appeal, makes mention of only one judgment. There is nothing to identify the bond with either 'one of the judgments. For these reasons the appeal must be dismissed.
 

 “The identical question here, presented was decided by this court in the case of Pichon et al. v. Pichon Land Co., 174 La. 77, 139 So. 764. There, as here, there were two separate and distinct judgments rendered in the lower court. There, as here, there was a motion to dismiss the appeal on the ground ‘That the motion and order of appeal failed to specify which of the two judgments was appealed from’. In that case we said:
 

 “ ‘It is apparent that the motion and order of appeal are defective and not- such as to maintain an appeal. The- motion does not apply for, and the order does not authorize, an appeal from both judgments; and, besides, the appeal bond is not identified by its recitals with either judgment.’ ”
 

 I am unable to distinguish this case from the decisions in the Liberty Homestead and Pichón cases. The fact that the bond in this case is only a bond for costs, in my opinion, does not strengthen the position assumed by the relators. In the prevailing opinion, after remarking that the only bond that can be required of an appellant for a devolutive appeal is a bond “to secure the payment of the costs”, it is stated that “as there is only one lawsuit here, and only one appeal, notwithstanding there are two appellants, there can be only one cost bill; and there is no necessity for having two bonds to secure one and the same cost bill.”
 

 The fundamental error in this statement, as I see it, is in the observation that there
 
 *463
 
 is only one lawsuit involved here. As a matter of fact, there are two lawsuits in one proceeding. The bond for costs is not sufficient to sustain two appeals. If one of the judgments should be reversed and the other affirmed, the reversal would naturally carry with it a judgment for costs. In this event, it might well be asked, to which judgment was the surety on the cost bond required to respond? Certainly he would not be liable for the costs of the successful litigant, and he might say, with a great deal of force, that he is not liable for the costs of the unsuccessful litigant, because he did not intend by signing the single appeal bond given in this matter to secure those costs.
 

 In the prevailing opinion, the cases of Succession of Clark, 30 La.Ann. 801, and Succession of Geddes, 36 La.Ann. 963, are cited as affording some support for the position assumed by the relators. A reading of the decision in the Succession of Geddes discloses that it has no application whatever to the issues involved in this case. The Succession of Clark involved a succession proceeding in which three separate questions were presented. The appeal was taken from three judgments rendered on those questions. All the questions, as stated by the Court in its opinion, tended to one conclusion and they were so intimately connected, that they were properly consolidated in the district court. This Court in commenting upon this fact stated: “It seems to us the single trial of all these questions in the district court, and the single appeal including them all, consist perfectly with the interest and convenience of all the parties; and we know of no authority, no law or principle which forbids this mode of proceeding.” What the Court said might be true in succession proceedings, but it is certainly not true in this case where the manner in which the appeal was attempted to be brought up can not be said to “consist perfectly with the interest and convenience” of the defendants.
 

 Since it is impossible to say which plaintiff in this case should be given credit for the motion of appeal and the bond furnished in connection therewith, there is nothing the Court of Appeal could do but dismiss the appeal.