This is a suit by an insurer as subrogee of its insured, to whom settlement of claim had been paid, in which it seeks to recover the amount paid from defendants as joint tort feasors.
The facts established show that at or about 7:00 A.M. on the 6th day of March, 1942, a 1938 one and a half ton Ford converted truck owned by the defendant, Forest Couvillion, and driven by his employee, *Page 263 
Jules Bernard, was proceeding from Marksville toward Alexandria on the concrete highway. At or near the city limits of the City of Alexandria, an attempt was made by the defendant, Cleo Craig, driving a nearly new Plymouth Coupe, to pass the Couvillion truck. In the course of this maneuver, the right rear fender of the coupe struck the left front fender of the truck, which, out of control, careened off the highway across an intervening space, struck a car parked at a filling station about 30 feet from the highway, ran over two gasoline pumps, the impact throwing one of the pumps a distance of some thirty to forty feet, ran over and demolished the steps of a nearby dwelling house, and finally plunged into a second dwelling house at a point well over two hundred feet from the site of the collision, crashed into the living room of the house, knocked the entire structure some four to six feet off its foundations, and, finally, having spent its force, came to rest.
At the time of the accident the Couvillion truck was occupied by the driver and two other persons on the seat of the cab, and by some sixteen other individuals, who were riding in the body of the truck, which had been converted into a bus by enclosing the sides with canvas, covering the top, and placing benches for the accommodation of the passengers, who entered through a doorway in the rear of the vehicle. The Craig car was occupied by the defendant, Cleo Craig, who was driving at the time of the accident, and his brother.
Both defendants admit the damage to the dwelling house, which was insured by plaintiff, but each pleads freedom from negligence and blames the negligence which was the cause of the accident upon the other. Defendant Couvillion reconvened against the defendant Craig for the amount of damages sustained by his truck, and, similarly, Craig makes a demand in reconvention against Couvillion.
After trial on the merits, there was judgment in favor of plaintiff in the sum of $340, representing the amount paid out for the repair of damages to the insured dwelling house, against the defendant Couvillion. The judgment further dismissed plaintiff's claims as against the defendant Craig, and, still further, rejected the reconventional demands of the two defendants.
From the judgment the defendant Couvillion has appealed.
The appeal is met in this Court by motions to dismiss the appeal, which motions were filed on behalf of the defendant Craig and plaintiff, Security Insurance Company. It is therefore necessary, before proceeding with the merits of the case, that we dispose of the motions to dismiss.
The basis of the motion to dismiss is distinctly set forth therein and is predicated upon the following specific objections:
(a) That only one motion was made, one order of appeal obtained, and one bond filed.
(b) That the motion and order of appeal failed to specify which of the two judgments in the case was appealed from.
(c) That the motion did not apply for and the order did not authorize an appeal from two judgments, and that the appeal bond was not identified, by its recitals, with either judgment.
Since the judgment in the case is an important feature of the argument advanced in support of the motion to dismiss, we set forth the pertinent provisions as follows:
"Ordered, adjudged and decreed that there be judgment herein in favor of the Security Insurance Company and against the defendant, Forest J. Couvillion in the just and full sum of Three Hundred Forty and 00/100 ($340.00) Dollars, together with legal interest thereon from date of judicial demand until paid.
"It is further ordered, adjudged and decreed that the demands of Security Insurance Company as against Cleo Craig be and they are hereby dismissed.
"It is further ordered, adjudged and decreed that all demands of the defendant, Forest Couvillion, or of the defendant, Cleo Craig, in reconvention or one as against the other be, and the same are hereby dismissed and disallowed.
"It is further ordered, adjudged and decreed that defendant, Forest Couvillion, pay all costs of these proceedings.
"Thus rendered in open Court this 12th day of February, 1943.
"Thus read and signed in open Court this 16th day of February, 1943."
It is urged in support of the motions that there were two
judgments rendered against the defendant Couvillion in this *Page 264 
single suit, respectively a judgment in favor of the insurance company against Couvillion, and a judgment against Couvillion dismissing his demand against Craig, in spite of which fact, only one motion for appeal was made, which motion referred to only one judgment. It is further argued that only one bond was required and fixed, and there is nothing contained in the motion or in the order designating the particular appeal to which they refer. The specific recital in the bond, which is pointed out in support of the motion to dismiss, declares that a devolutive appeal has been taken by Forest J. Couvillion from "a final judgment rendered against him".
Learned counsel for movers place their principal reliance in the holding of the Supreme Court in the case of In re Liberty Homestead Association, 198 La. 1068, 5 So.2d 353, 355.
It appears to us that the cited case is readily distinguishable from the case before us, and the distinction is obvious in the statement made in the opinion of Justice Odom, as follows:
"As stated by counsel in their motion to dismiss, there weretwo separate and distinct judgments rendered against Wilfred J. Begnaud, Liquidator, — one in favor of William E. Wood, and the other in favor of Charles J. Rivet and Louis H. Yarrut. Theseseparate judgments were rendered, read and signed on the same day. A reference to the motion and order of appeal, which we have copied above, makes it perfectly clear that only one appeal wasasked for and only one granted. The motion for appeal suggests that the defendant `in rule' is aggrieved by `the judgment'." (Emphasis ours).
We cannot see the analogy between the facts in the two cases. In the homestead cases there were two separate and distinct summary proceedings upon which two separate and distinct judgments were rendered, and from which only one motion and one order of appeal were entered and one bond filed. The bond, the motion and the order referred only to one judgment, without specifying which judgment was intended.
In the case before us, there was only one suit and one judgment, from which judgment one motion for appeal was made, one order of appeal was entered, and one appeal bond was filed.
We are definitely of the opinion that counsel who urged the motion are seriously in error in referring to the rendition of two judgments. It is obvious that by this reference they intend to convey the idea of separability between the several decrees embodied in the judgment rendered.
Since there was no objection to the reconventional demands on the part of each of the two defendants, and since the claim of the plaintiff against each of the defendants, and the demand of each defendant against the other was permitted to be tried without objection in one lawsuit, we think it is too late to raise questions of procedure by indirection which should have been urged ab initio.
Reference was made in the motions to dismiss to the case of Vienne et al. v. Chalona et al., 203 La. 450, 14 So.2d 54, 58, in which judgment of the Orleans Court of Appeal, 8 So.2d 122, sustaining a motion to dismiss plaintiff's appeal was reversed.
To our minds the situation existing in the Vienne case is far more applicable to the matter under consideration than the Homestead case discussed above. In the Vienne case we find the following observations in the per curiam on application for rehearing, which we think are absolutely appropriate to the question before us:
"There was a difference in their (plaintiffs) causes of action in that the cause of action of one of them might have been subject to defenses not applicable to the cause of action of the other plaintiff. The importance of that, however, passed out ofthe case when the defendants failed to plead that there was amisjoinder — if in law there was a misjoinder — of partiesplaintiff. It is sufficient to say now, for the purpose ofpassing upon the motion to dismiss the appeal, that there wasonly one lawsuit, — and that the defendants long ago waivedwhatever right they might have had to require two separatelawsuits." (Emphasis ours).
It requires no stretch of the imagination for us to consider that the motion, order and bond for appeal in this case were sufficient.
Zealous counsel for the defendant Craig, in addition to the grounds for dismissal above considered, further alleges that the appeal taken herein is ineffective as to defendant Cleo Craig, citing in support *Page 265 
of this contention Thalheim v. Suhren, et al., 18 La.App. 46, 137 So. 874.
The cited case was an action in damages by plaintiff Thalheim against several joint tort feasors. There was judgment against the defendant Suhren, from which judgment he appealed. In answer to the appeal, plaintiff asked that the judgment be amended to include the other defendants. On this question the Court held that the other defendants were not properly before the Court, since an appeal by one joint tort feasor could not have any effect against other joint tort feasors absolved from liability by judgment of the lower Court. It was further held that plaintiff, merely by answering the appeal, could not seek the amendment of the judgment to include other defendants.
We think the holding above summarized would be applicable in the instant case were it not for the fact that the defendant Couvillion has appealed not only from a judgment against him and in favor of plaintiff, but from the rejection of his reconventional demands against the defendant Craig.
We are clear in the view that the defendant Couvillion has appealed from the judgment rendered for all purposes, not simply from one clause or decree embodied in the judgment. If the appellant in this case should be successful on this appeal, he would be relieved of liability to plaintiff by the reversal of plaintiff's judgment for damages against him. This appellant might also secure judgment in reconvention against the defendant Craig. As we see the matter, application of the doctrine enunciated in the Thalheim case would lead to the conclusion that neither plaintiff nor the defendant Craig could, under any disposition of this matter on appeal, procure a more favorable judgment than that which has been rendered, since neither has appealed from such judgment.
Adherence to the ruling in the Thalheim case simply means that failure of plaintiff to appeal from the judgment discharging the defendant Craig of liability deprives this Court of jurisdiction on appeal as to liability of the defendant Craig to plaintiff, regardless of our holding on the merits. However, this cannot be construed as meaning that we are deprived of jurisdiction over the defendant Craig with regard to the reconventional claims of the appellant Couvillion.
Since, as we have above observed, these actions were permitted to be brought without objection and cumulated in one suit, the rights of the parties under the appeal must be considered without reference to the propriety vel non of the procedure followed.
For the reasons set forth, the motions to dismiss are overruled.
Turning to consideration of the merits of the case, we find that there is the usual conflict in the testimony of the witnesses. The driver of the Couvillion truck, Bernard, and his companions, Norman and Gaspard, who were riding on the seat of the cab with him at the time of the accident, are all positive in their testimony as to the position of the truck, and contend that at no time was the truck on the left of the center line of the highway. Defendant Craig and his brother, who occupied the Plymouth Coupe, are equally as positive that the truck for some considerable distance occupied so much of the left-hand portion of the highway as to make passing impossible. None of the occupants heard the sound of the horn of the overtaking car, though both of the Craigs testify that the horn was sounded steadily for a considerable period of time.
Under the circumstances, and in view of the irreconciliable conflict in testimony of the parties and their companions, we are inclined, as was the learned Judge of the Court below, to attach considerable weight to the testimony of an entirely disinterested witness, one D.L. Peart, who, at the time, was walking along the highway in the direction in which the two vehicles were traveling.
The witness Peart testified that he heard a horn blowing some 200 yards behind him; that he looked back, saw the truck traveling at a speed he estimated to be some 40 or 45 miles per hour; that the truck and the following car passed him and he observed that the car was well on the left of the road with the left wheels actually on the left shoulder. According to his testimony, the slight collision occurred when the truck pulled over still further in front of the car, which collision, according to the witness, appeared to cause the driver of the truck to lose control of the vehicle.
Consideration of this testimony, corroborating as it does that of the Craigs, in our opinion, outweigh the testimony of *Page 266 
the truck driver and his witness, particularly in view of the additional point that the truck driver, Bernard, despite the fact that he was carrying some 18 passengers, obviously was paying so little attention to his business of driving that he did not hear the repeated horn signal of an overtaking car, nor did he, at any time, observe the approach of the car from his rear.
Disregarding entirely the effect of the impact resulting from the collision of the fenders of the two vehicles, it is apparent to us that subsequent events which caused the actual damage were attributable entirely and exclusively to the fault and negligence of the driver of the Couvillion truck.
In the Thalheim case, cited supra, the principal facts were remarkably similar to the ones before us in this cause. In the Thalheim case it appeared that the negligence of a truck driver in running a red light brought about a collision with the automobile of the defendant, Suhren, driven at the time by his wife. The collision caused Mrs. Suhren to lose control of the car, which ran into and damaged the automobile of the plaintiff, Thalheim, parked some 40 or 50 feet below the corner of the street intersection where the original collision occurred, and something more than 100 feet from the actual point of impact. In disposing of the matter, the Court based its holdings upon the fact that, regardless of the collision, the operator of the Suhren car was guilty of negligence in not being able to bring her car to a stop in less than 100 feet after striking the first car, and, therefore, disregarding the effects of the first accident, the failure to bring the car under control was directly responsible for the damage.
We subscribe to the reasoning of the Orleans Court in the Thalheim case and the conclusion resulting therefrom. In the instant case, we are impressed with the fact that the driver of the Couvillion truck, although traveling at a very moderate rate of speed, according to his testimony, about 25 or 30 miles per hour, was unable to bring his truck under control and to a stop within a distance of more than 200 feet. This is the more remarkable on account of the fact that the forward progress of the truck must have been considerably impeded by the collision with the filling station pumps and the steps of another dwelling house. Of course, the testimony of the driver is to the effect that he keenly felt the responsibility for the 19 occupants of the truck, and that he felt that application of the brakes, which he tried, would cause the truck to overturn. He ceased his attempts to stop the truck by application of the brakes after his foot slipped off of the brake pedal, the slipping being caused, according to his testimony, by mud on his shoe. It was not until the truck collided with the four-room dwelling house and knocked it several feet off of its foundation that it came to a stop. The actual stop was brought about not by any effort of the driver, but because of the purely physical result due to the fact that the momentum of the vehicle was finally spent.
We feel that these facts should be and are determinative of the case. Even conceding, arguendo, lack of negligence with regard to the collision, there remains no question in our minds as to the fault of the driver of the Couvillion truck in failing to prevent the damage which followed the collision.
With regard to the reconventional demands, we find no basis for recovery on the part of either of the two defendants in this case. The defendant Craig claimed a small sum for the damage to the fender of his car, the amount of which damage was not established on trial of the case, and the balance of his claim, which he based upon shock, is not borne out by the record. Since the driver of the Couvillion truck, according to the findings of the district Judge, with which we are in accord, was primarily to blame for the impact, and since his later negligence was the actual cause of the damages suffered by the truck, his claim in reconvention must fail.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 267