O’NIELL, Chief Justice.
 

 Miss Marguerite Adelaide Vienne and Miss Mary Madeline Vienne sued Henry Chalona and his liability ■ insurer, Standard Surety & Casualty Company of New York, for damages for personal injuries caused by an automobile accident. Chalona’s car, driven by his daughter, ran into the rear of the plaintiffs’ car in which they were riding, and injured both of them. No exception was taken to their bringing only one suit for the damages claimed by each of them. In their petition they asked for a judgment against the defendants in so-lido, in favor of Miss Marguerite Adelaide Vienne for $2,094.57 and in favor of Miss Mary Madeline Vienne for $24,369.38. The case was tried by a jury and the trial resulted in a verdict in favor of Miss Marguerite Adelaide Vienne for $100.82 and a verdict in favor of Miss Mary Madeline Vienne for $1,762. The verdicts were endorsed on the petition and signed separately by the foreman of the jury. The judge, giving judgment according to the verdicts, signed two judgments, exactly alike except that one was for $100.82 in favor- of Miss Marguerite Adelaide Vienne and the other was for $1,762 in favor of Miss Mary Madeline Vienne. Both judgments were rendered on the 25th and signed on the 29th of November, 1940.
 

 The plaintiffs, not satisfied with the amounts allowed them, took a devolutive appeal to the court of appeal. In their mo
 
 *453
 
 tion for an appeal and in the accompanying order of appeal, which their attorney prepared for the signature of the judge, the plaintiffs treated the two judgments as if they were one judgment, — thus:
 

 “On motion of plaintiffs, Marguerite A. Vienne and Mary Madeline Vienne,, and on suggesting to the court that they.are aggrieved by the judgment rendered herein on November 25, 1940, and signed on November 29, 1940;
 
 that the judgment is contrary to the law and the evidence in that the amounts awarded plaintiffs are inadequate
 
 [italics ours], and that movers desire to appeal devolutively therefrom to the Court of Appeal for the Parish of Orleans ;
 

 “It is ordered that a devolutive appeal be granted to the said Marguerite A. Vienne and Mary Madeline Vienne, plaintiffs, returnable to the Court of Appeal for the Parish of Orleans on the 22d day of May, 1941, upon the said parties furnishing bond, with good and solvent security in the sum of $100.”
 

 The plaintiffs furnished the appeal bond for $100 in favor of the clerk of court, as required by law, and by the terms of the bond the plaintiffs bound themselves and their surety in solido. The defendants filed a motion to dismiss the appeal on the following grounds:
 

 . “That only one motion was filed, one order of appeal obtained, and one bond filed; that
 

 “The motion and order of appeal fails to specify which of the two judgments was appealed from; and
 

 “The motion does not apply for, and the order does not authorize, an appeal from two judgments, and the appeal bond filed is not identified by its recital of [with] either judgment.”
 

 The reason why there was only one motion for an appeal, only one order of appeal, and only one appeal bond, is that there was only one lawsuit in which the plaintiffs had joined in one petition, founded upon one cause of action. The plaintiffs had the same right to join in one motion for an appeal that they had originally to join in one petition for a judgment in favor of each of them. There was no more necessity for having two separate motions for an appeal, or two orders of appeal, or two appeal bonds, than there was originally to have two separate petitions, — one for each plaintiff. As far as the appeal bond is concerned we must bear in mind that, according to Article 578 of the Code of Practice, the only bond that can be required of an appellant, for a devolutive appeal, is a bond “to secure the payment of the costs”. As there is only one lawsuit here, and only one appeal, notwithstanding there are two appellants, there can be only one cost bill; and there is no necessity for having two bonds to secure one and the same cost bill.
 

 The appellees, in their complaint that the motion and order of appeal failed to specify which one of the two judgments was appealed from, overlook the statement in the motion — or preamble to the order of appeal — that the appellants are complaining that the amounts awarded to them are insufficient. We refer to the statement
 
 *455
 
 in the motion of appeal or preamble: “that the-judgment is contrary to the law and the evidence in that the amounts awarded plaintiffs are inadequate, and that movers desire to appeal devolutively therefrom.” That declaration in the motion and order of appeal means that each one of the plaintiffs was complaining that the amount allowed her by the judgment in her favor was inadequate, and that each one of them is complaining and appealing only in so far as the judgment rejected a part of her demand. Neither of the appellants had any interest in complaining or cause to complain of the judgment rendered in favor of or against the other appellant, and neither of them had cause to complain of the judgment rendered in her favor except in so far as the judgment was in fact a rejection of a part of her demand. Miss Marguerite Adelaide Vienne’s complaint in the motion for an appeal was that the judgment allowing her $100.82 was in fact a rejection of $1,993.75 of her claim for $2,-094.57; and Miss Mary Madeline Vienne’s complaint in the motion for an appeal was that the judgment allowing her $1,762 was in fact a rejection of $22,607.38 of her claim for $24,369.38. The appellees are mistaken therefore in contending that the motion and order of appeal fail to specify which one of the two judgments was appealed from. The motion and order of appeal show plainly that both judgments were appealed from.
 

 The third complaint in the appellees’ motion to dismiss the appeal was that the motion did not apply for and the order did not authorize an appeal from two judgments, and that the appeal bond was not identified with either judgment. We have pointed out that the recitals in the motion and order for the appeal identified them with both judgments and left no doubt that the plaintiffs were appealing from both judgments — each one of the plaintiffs appealing from the judgment concerning her demand. The only error in the appeal bond was that it referred to the two judgments as if they constituted only one judgment. It is not likely that the error could have been misleading because the reference to the judgments as “a final judgment” was followed by the description “rendered against Henry Chalona and Standard Surety & Casualty Co. in the suit of Marguerite A. Vienne and Mary Madeline Vienne vs. Henry Chalona and Standard Surety & Casualty Co., No. 232,247 of the Civil District Court for the Parish of Orleans on the 25th day of November, 1940, and signed on the 29th day of November, 1940.” The mistake of referring to the two judgments as “a final judgment”, in the appeal bond, was not a sufficient cause for dismissing the appeal, — especially as each of the appellants was in fact appealing from “a final judgment”. The appellants do not invoke — and we do not consider it necessary that they should invoke — Act No. 112 of 1916, which forbids the dismissing of an appeal for an error in the appeal bond without first giving the appellant an opportunity to correct the error.
 

 Our conclusion that the motion to dismiss the appeal in this case should have been overruled is in a measure supported by the rulings in the Succession of Clark, 30 La.Ann. 801, and Succession of Geddes, 36 La.Ann. 963. In the Succession of
 
 *457
 
 Clark, the litigation consisted of three separate proceedings, namely, (1) a rule to vacate the appointment of a provisional administratrix, (2) an opposition to an application for appointment of an administratrix, and (3) a petition for a partition of the succession of Clark and of his second wife. By consent of all parties the three proceedings were consolidated and tried as one proceeding. Three separate judgments were rendered on the same day, September 24, and were signed on the same day, October 12. By the first judgment the appointment of the provisional administratrix was vacated; by the second judgment the opposition to the appointment of the administratrix was maintained on the ground that there was no necessity for an administration; and by the third judgment the court ordered a partition of the succession of Clark and of his second wife by licitation and referred the parties to a notary public to effect the partition. Five parties to the proceedings joined in one motion for a suspensive appeal from the three judgments, and were granted an appeal on a bond of $500 to secure the costs. The appellees moved to dismiss the appeal on the ground: (1) that, as there were three separate judgments, rendered in three separate proceedings, each judgment or decree should have been appealed from separately; (2) that there should have been three separate appeal bonds; and (3) that the appellants did not make a sufficient showing to justify an appeal. The court overruled the motion to dismiss the appeal, and gave the following reasons, which are appropriate to this case;
 

 “We can not conceive of any prejudice to the rights of the appellees by a single appeal * * * from these three judgments rendered simultaneously. The intimate ■ connection of these questions would indicate the propriety of consolidating them, and of bringing them all before the court of original jurisdiction and before this court in one single proceeding. It seems to us the single trial of all these questions in the district court, and the single appeal including them all, consist perfectly with the interest and convenience of all the parties; and we know of no authority, no law or principle which forbids this mode of proceeding.
 

 ■ “Second. The appellants were not condemned to pay any sum of money, nor to deliver to the appellees any thing. No matter what might be the amount of the bond, or the number of bonds given by appellants, no decree could be rendered against them on the appeal, except for costs; and the costs are as fully secured •by one bond with sufficient security for a sufficient amount as by any number of bonds.”
 

 The appellees cite the ruling in three cases, namely, Succession of Clairteaux, 35 La.Ann. 1178; Pichon v. Pichon Land Co, 174 La. 77, 139 So. 764; and In re Liberty Homestead Association, 198 La. 1068, 5 So.2d 353. These cases are readily distinguished from the present case. In the Succession of Clairteaux, where two appeals were dismissed because there was only one motion and one order of appeal and one appeal bond, the court stated the
 
 *459
 
 reason for dismissing the appeal thus: “there should have been two motions and orders of appeal and two bonds, one in each case, as there were two suits in each succession, and one bond only was furnished.” The court observed also that the-two oppositions were not even consolidated until after judgment, and were not tried together, or as one opposition. In the case of Pichon v. Pichon Land Co. one appeal was asked for and one order of appeal was granted to four plaintiffs from two separate and distinct judgments, one of the judgments rejecting plaintiffs’ demand for the liquidation of the defendant corporation, and the other judgment recalling an order granting an ex parte injunction and restraining order. The motion and order of appeal did not apply to both judgments and were not identified with either judgment; neitner was the appeal bond identified with either judgment. In the case entitled In re Liberty Homestead Association there were two separate and distinct summary proceedings against the liquidator of the defunct homestead association, one of the proceedings being a rule obtained by two attorneys praying for an order on the liquidator to pay them a certain balance due on a final judgment against the homestead association in liquidation, and the other proceeding being a rule obtained by the special agent of the former liquidator praying for an order upon the new liquidator to pay a certain balance due on a final judgment against the homestead association in liquidation. Two separate judgments were rendered on the two rules, one judgment ordering the newlj-appointed liquidator to pay the attorneys $11,916, and the other judgment ordering the liquidator to pay the special agent $5,-958. The liquidator moved for and obtained an order for a suspensive appeal and gave one appeal bond. On motion of the appellees the appeal was dismissed on the ground that only one order of appeal was asked for and only one appeal granted, -and that the motion and order and bond were not identified with either of the judgments appealed from. That case is distinguished from the present case in that appeal bonds required by law for suspensive appeals are required to secure, not merely the costs of court, but the amount of the judgment if it is a money judgment. Hence if the defendant in that case was obliged to give a bond for a suspensive appeal he was obliged to give two bonds, one bond to secure the attorneys in whose favor one of the judgments was rendered and the other bond to secure the special agent in whose favor the other judgment was rendered. There was nothing in the motion or order of appeal or in the appeal bond to identify them with either one of the judgments. In the present case, as we have pointed out, the recitals of the motion and order of appeal and of the appeal bond show that each one of the plaintiffs appealed from the judgment rejecting a part of her demand. Hence the
 
 motion and
 
 order of appeal and the appeal bond were identified with both judgments.
 

 The judgment of the court of appeal is reversed, the motion to dismiss the appeal is overruled, and the case is remanded to the court of appeal for further proceedings. The defendants are to pay the costs incident to the motion to dismiss the ap
 
 *461
 
 peal, including the costs of the proceedings in this court. All other costs are to abide the final disposition of the case.
 

 ODOM, J., absent.
 

 ROGERS, J., dissents and hands down reasons.