HOOD, Judge.
A document purporting to be the last will and testament of Mary Smith, deceased, was admitted to probate by the district judge as a nuncupative will by private act on April 13, 1962. The executrix then obtained an order authorizing her to sell the real property belonging to the succession at private sale. Within three months after the will was probated an opposition to the probate of such will and to the private sale of this property was filed by the plaintiffs-appellants, Tealie Smith, George Smith and Henry Smith, who allege that they are collateral relatives and heirs at law of the decedent. The opposition is based on allegations that the will is invalid and that the proposed sale is for an inadequate price and is not for the best interests of the estate. The executrix and legatees named in the will, being the defendants in this proceeding, answered this opposition contending that the will is valid, and denying that the opponents are collateral relatives or presumptive heirs of the decedent. After trial on the merits, judgment was rendered by the trial court in favor of defendants dismissing the opposition, and plaintiffs, or opponents, have appealed.

Motion to Dismiss Appeal

After the record had been lodged in the court, the appellees filed a motion to dismiss the appeal on the ground that Tealie Smith, one of the appellants, had not signed the appeal bond as a principal.
The record shows that on motion made by counsel in open court about seven days after the judgment was rendered, all three of the opponents were granted a devolutive appeal to this court, and the bond was fixed at the sum of $100.00. An appeal bond in the required amount was timely filed, with two of the opponents, George Smith and Henry Smith, signing as principals, and Herman Smith executing it as surety. The remaining appellant, Tealie Smith, did not sign the bond as a principal.
 The law is settled that only one appeal bond is required for multiple appellants from a single judgment. In Re Succession of Abraham, La.App. 3 Cir., 136 So.2d 471; Vienne v. Chalona, 203 La. 450, 14 So.2d 54; Hernandez v. Ethyl Corporation, La.App. 1 Cir., 83 So.2d 150 (Cert. denied). Since all of the plaintiffs appealed from a single judgment in this case and an adequate appeal bond was furnished timely by some of the appellants, we conclude that the appeal was perfected for all of them, although only two of the three appellants signed the appeal bond as principals. The motion to dismiss the appeal, therefore, is denied.

On the Merits

The document which was admitted to probate as the last will and testament of Mary Smith, deceased, is typed on legal size paper and it purports to have been signed by the testatrix and by five witnesses. The first and major portion of the document is in the form of a typical will, in which the testatrix provides for the payment of her just debts, the bequeathing of all of her property to defendants herein, the appointment of one of said defendants as executrix and the appointment of an attorney for the executrix. The document then concludes with the following provisions :
“IN TESTIMONY WHEREOF, I have caused this will and testament to-be written by said J. Edward Hines,. *844 Jr., from my dictation out of the presence of the undersigned witnesses, all of whom are residents of the Parish of Rapides, State of Louisiana, and I have signed the same in my own handwriting and which last will and testament I presented to the undersigned witnesses and I had it read aloud by M. L. Gon-zaque one of the said witnesses, in the presence of me and in presence of the rest of the said witnesses, on this the 2nd day of January, 1962 and I did declare to them, the said witnesses, that the same is my last will and testament.”
The proces verbal of the probate of the will shows that it was proved by the testimony of three of the five competent witnesses who were present when the will was made. The proces verbal further shows that after their sworn testimony had been presented the district judge then declared that the “nuncupative last will and testament by private act” had been truly proved, and after reading the will in a loud and distinct voice he paraphed it and ordered that the execution of it take place according to law.
An examination of the will indicates to to us that it was prepared, signed and completed in accordance with the requirements of the Revised Civil Code relating to nun-cupative'wills by private act. See LSA-Civil Code Articles 1581 and 1582. The proces verbal of the probate of the will was prepared and signed in compliance with the provisions' of Article 2890 of the LSA-Code of Civil Procedure, and it shows that all of the requirements of Article 2884 of that Code were met in proving the will. It appears from the will itself and the proces verbal -of the probate of such will, therefore, that'the district judge properly admitted it to probate and ordered its execution.
At the trial plaintiffs-appellants introduced evidence tending to show only that they were collateral relatives of the testatrix. No evidence of any kind was presented tending to establish an error, defect, irregularity or illegality in the confection or probation of the will. Immediately after plaintiffs rested their case, defendants-ap-pellees also rested without introducing any evidence at all.
Plaintiffs-appellants contend that since this action to annul was instituted within three months after the will was probated, the burden of proving the authenticity of the testament rests upon defendants-appel-lees, and that they have failed to meet this burden of proof. They point out that the , defendants, failed to offer any proof whatsoever, even the will itself, to show its authenticity.
Plaintiffs’ argument is based on Article 2932 of the LSA-Code of Civil Procedure, which provides:
“The plaintiff in an action to annul a probated testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of the law." (Emphasis added).
Although defendants did not formally offer the will and proces verbal of the probate proceedings in evidence at the trial, these documents are in the record and have been made a part of the pleadings by reference. In Article One of their petition, for instance, plaintiffs specifically allege that “the said will was forthwith probated on that date (April 13, 1962), as may be seen from the proces verbal of the said probation forming part of the record of this matter, which is made part hereof by reference, as though copied herein in extenso” In Article Two of the petition plaintiffs allege that one of the defendants had been confirmed as executrix, “all of which may be seen from a copy of the will and from the order of this Court dated 13th April 1962, made part hereof by reference, as though copied *845 herein in extenso." And in Article Three •of the petition it is alleged that two of the •defendants are legatees under the will, “as may be seen by a reading of the said will, * * * a certified copy whereof is made part of the record of this matter.” All of these allegations were admitted by defendants. In view of these pleadings, we think a certified copy of the will and the original proces verbal of the proceedings held in proving it are in evidence and may be considered by us, even though defendants did not formally offer the will and the proces verbal in evidence at the trial.
Plaintiffs contend, however, that at the trial of this opposition defendants were obliged to call witnesses to prove the validity of the testament, just as was required at the original probate proceedings, and that the opponents are entitled to an opportunity to cross-examine those witnesses and to offer contradictory and rebuttal evidence. •'The failure of defendants to call any of the witnesses to the will, it is argued, constitutes a failure to prove the “authenticity of the testament, and its compliance with all of the formal requirements -of the law,” as provided in LSA-C.C.P. Article 2932.
We agree with counsel for plain-tiffs that since this action was filed within three months of the date the testament was probated, the defendants have the burden of proving the authenticity of the testament. The only allegations in plaintiffs’ petition relating to the invalidity of the will, however, are the following:
“4. The will is described in the proceedings for its probate as a nuncupa-tive will as under private signature, however, the said will does not meet with the requirements of the rules governing the form and the execution of nuncupative testaments under private signature, and is therefore invalid and is not a will according to the laws of 'Louisiana,
“5. The said will is further invalid tfor the reason that it fails to meet the requirements of the law of Louisiana governing the making and execution of dispositions and donations mortis causa or dispository testaments, all of which will be shown on trial hereof,”
Although only conclusions of law are alleged in the above-quoted articles of plaintiffs’ petition, in our opinion, these allegations do constitute an attack on the form of the will. Since no question is raised by plaintiffs, either in their pleadings or in the arguments of counsel, as to whether the will and the proces verbal correctly set out the procedures which were followed in executing and proving the will, we think no issue has been presented here as to those matters, and it was not necessary for defendants to present evidence to establish facts which are not at issue.
In our opinion, Article 2932 of the LSA-Code of Civil Procedure does not require that the proponents of a probated will re-open the entire proceedings, recall the witnesses, and prove the validity of the will again just as was done in the original probate proceeding, simply because an action to annul the will on any ground whatsoever is instituted within three months after it was probated. We think the evidence at such a trial should be limited to the issues presented by the action to annul. If an action to annul a will, for instance, is based on allegations that the will was not dated, then on the trial of that action we think the only issue presented is whether the will was or was not properly dated and in the trial of that action the will itself may be the only admissible evidence. In the instant suit the only issue presented is whether the will is in proper form, and although the burden of proof rests on defendants to prove that it is, we think it is not necessary under those circumstances for defendants to produce witnesses to prove the will again as was done in the original probate proceeding.
In the brief submitted by counsel for plaintiffs our attention is called to the fact that Article 1578 of the LSA-Civil Code, re *846 lating to nuncupative wills by public act, requires that the testament be dictated by the testator and written by the notary as it is dictated, that it then be read to the testator, and that “express mention” be made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts. It is then argued that “none of this was included in the said alleged nuncupative will by private signature which was probated herein on 13 April 1962,” and that “the will fails to meet the requirements of any other form known to the Civil Law of Louisiana for the execution of dispositions mortis causa or testaments.”
Our answer to this argument is that LSA-Civil Code Article 1578 is not applicable here, since the will involved in this proceeding is a nuncupative will by private act. As we have already pointed out, it is apparent from the statements contained in the will and in the proces verbal, which statements are not questioned by plaintiffs, that the will was executed and completed in compliance with the Articles of the Civil Code which relate to nuncupative wills by private act. LSA-C.C. Articles 1581 and 1582.
In view of the fact that the only charge of invalidity asserted by plaintiffs relates to the form of the will, we think defendants adequately met the burden of proof which rested on them of establishing its authenticity by relying on the will itself, without producing additional evidence.
Since the will is valid and plaintiffs are neither legatees under the will nor forced heirs of the decedent, they have no interest in the property belonging to this estate, and accordingly, they have no right to oppose the private sale of property belonging to the succession. Also, in view of these conclusions, it is not necessary for us to consider the issue of whether plaintiffs are collateral heirs of the testatrix and thus whether they have a sufficient interest in the estate to give them the right to oppose the probate of the will.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.