This is a tort action against an independent contractor for injuries sustained by plaintiff while working for the general contractor. It is now before us on defendant’s motion to dismiss the appeal of plaintiff-appellant.
The judgment appealed from dismissed plaintiff’s suit along with that of his employer’s compensation carrier which intervened to recover benefits paid to plaintiff. Both plaintiff and intervenor filed petitions for devolutive appeals within the 60 day delay established by LSA-C.C.P. Art. 2087, the intervenor posted a devolutive appeal bond in the amount of $1,000 as set by the trial court within the 60 day period, but plaintiff did not post a devolutive appeal bond, also set at $1,000 by the trial court, until after the 60 day delay expired. The issue is whether this court has jurisdiction over plaintiff’s appeal under these circumstances.
In Humble Oil & Refining Co. v. Chappuis, 236 So.2d 272 (La.App. 3rd Cir.) that court’s jurisprudence was reaffirmed to the effect that only one appeal bond is required for multiple appellants from a single judgment.
This court in Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976) recognized the validity of the general rule followed by the Third Circuit but recognized an exception in the case where the defendant-appellant was cast in judgment jointly and soli-darily with three other defendants but failed to post a suspensive appeal bond. In dicta, we said the broad jurisprudential rule requiring only one bond from multiple appellants would perhaps apply when the required bond for a devolutive appeal in fact affords security for all costs due by all appellants.
Here the one bond timely posted by inter-venor afforded security for all costs due by both appellants. On the strength of inter-venor’s bond the record has been prepared and filed in this court. The bond subsequently furnished by the plaintiff was, as a practical matter, an unnecessary duplication of the bond already furnished by inter-venor.
Appeals are favored under the law, and any doubt as to the validity of an appeal must be resolved in favor of an appellant. Considering this principle the circumstances present in this case, the motion to dismiss the appeal is denied.
MOTION DENIED.