ON MOTION TO DISMISS
Appellee, Louisiana Power & Light Company, filed a motion to dismiss the appeal of plaintiff-appellant, Errol J. Martin, Sr., because of untimely filing of appeal bond based on the following facts:
June 9, 1976 — Judgment signed in favor of plaintiff against defendants Julian Wenn and Fireman’s Fund Insurance Co., dismissing suit against defendant Louisiana Power & Light Company.
June 15, 1976 — Denial of motion of new trial of Wenn and Fireman’s.
July 14, 1976 — Suspensive appeal and bond filed by Fireman’s.
September 9, 1976 — Wenn granted devol-utive appeal and bond of $1,500.00 filed September 10, 1976.
September 9, 1976 — Plaintiff granted de-volutive appeal, bond of $1,500.00 not filed until September 20, 1976.
October 15, 1976 — Order of dismissal of plaintiff’s suit against Wenn and Fireman’s because of compromise, reserving plaintiff’s rights against Louisiana Power & Light Company.
Appellee points out that C.C.P. art. 2087 (before its 1976 amendment) requires both devolutive appeal taken and bond furnished within 90 days of expiration of delay for new trial application or of new trial denial. Although the appeal was timely taken, the bond was filed too late, and the jurisdiction of this court did not timely attach. C.C.P. art. 2088; Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710 (1965); Wright v. Mark C. Smith & Sons, 283 So.2d 85 (La.1973).
The appellant contends that the appeal filed by the defendant, Fireman’s Fund Insurance Co., was perfected and gave this court jurisdiction to hear the appeal. He relies upon the jurisprudence of this state to the effect that only one appeal bond is required for multiple appellants from a single judgment. Vienne v. Chalona, 203 La. 450, 14 So.2d 54 (La.1943); Hernandez v. Ethyl Corporation, 83 So.2d 150 (La.App. 1st Cir. 1955); Succession of Abraham, 136 So.2d 471 (La.App. 3rd Cir. 1962).
In the case of Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976), we had occasion to consider the problems of multiple appeals based on only one bond. In discussing the jurisprudence as contended by appellant, we stated:
“We agree with that broad jurisprudential rule, but only when the required bond for suspensive appeal actually furnishes security for all appellants and, perhaps, when the required bond for devolu-tive appeal in fact affords security for all costs due by all appellants, i. e., when the appellee in either a suspensive or devolu-tive appeal is afforded the full required appeal security. (Emphasis ours.)
“[2] Here, the only security furnished is the bond filed by Schnell, Carbo and Rockwood Insurance. That bond binds its surety only for those three appellants; the bond does not mention Bourg. Thus, as to both the money judgment and costs, the appellee is without recourse against the surety insofar as Bourg is concerned.3 *1318 Under these circumstances, the rule relied on by Bourg has no application. Accordingly, we dismiss his appeal.” (Footnote 3. omitted.)
In the case of Brown v. Drennan, 347 So.2d 955 (La.App. 4th Cir. 1977), we held, based upon the emphasized dicta in Borne, that a devolutive appeal bond timely posted by an appealing intervenor afforded security for all costs due, including an appealing plaintiff who filed untimely appeal bond. We found that the record was prepared and filed in this court on the strength of inter-venor’s bond and that the late-filed bond of plaintiff was as a practical matter an unnecessary duplication of the bond already furnished. If this is a correct application of law, then plaintiff’s appeal must be maintained here. Although the record here was not filed on the strength of the timely filed appeal bond, nevertheless that bond was in effect until after appellant’s bond was filed, and thus appellee was afforded continuous protection.
However, the holding in Brown is contrary to the holding in Borne. We note that in Borne the timely appellants obtained a suspensive appeal, and that appellant Bourg timely filed for both suspensive and devolutive appeal but failed to furnish any bond. A suspensive appeal bond carries security not only for the performance of the judgment but also for the payment of all appellate costs. C.C.P. Article 2124. Accordingly under the theory of Brown the devolutive appeal should have been maintained. Instead it was dismissed and there now exists a conflict between two of our decisions. Additionally, we note a conflict with our decision in Littleton v. B & R Construction Company, 266 So.2d 560 (La.App. 4th Cir. 1972), wherein we dismissed an appeal.
We hold that our application of the law in Brown v. Drennan is erroneous and is overruled.[1] The controlling principles here are those stated by the Supreme Court of Louisiana in the case of Wright v. Mark C. Smith & Sons, supra. Although recent legislative changes in our Code of Civil Procedure would tend to support to some degree the view of the court in the Brown case, the controlling law for this case is that stated in the Wright case: that the appeal bond is an increment of jurisdiction in the appellate courts, whose jurisdiction over a case is not attached until the timely filing of the appeal bond, and that an appeal must be taken and the bond filed within the time fixed by law to prevent a judgment from becoming final. The controlling issue is not one of affording security to the appellee, but the finality and definitiveness of the judgment after lapse of the appropriate appeal time. In this case the judgment against the plaintiff had become final before plaintiff filed his appeal bond and no jurisdiction over his appeal ever attached to this court.
The motion to dismiss the appeal is maintained and the appeal of Errol J. Martin, Sr. is dismissed at his costs.

APPEAL DISMISSED.

. In accordance with this Court’s internal rule, the question of overruling our prior decision has been submitted to the Court en banc. The overruling has been approved by six judges, more than a majority of this Court, with Judges Gulotta and Schott dissenting.