TATE, Judge.
The defendant (“Jim Walter”) appeals from adverse judgment granting the plaintiff a monied award and also dismissing in part Jim Walter’s third-party demands against various third-party defendants. Certain of the appellees move to dismiss this appeal as too late.
The question raised by these motions to dismiss concerns the extent of the clerk of the trial court’s duty, if any, to mail to a party a formal notice of the signing of a final judgment if requested to do so by that party.
In the present case, the trial court gave oral reasons for judgment adverse to the defendant Jim Walter at the conclusion of the trial on February 25, 1965. A written judgment against Jim Walter was signed in open court on February 26, the following day. According to the record, the petition for appeal was not presented and signed until June 14th, with the appeal bond being filed on June 16th — some 110 days after the February 26th signing of the judgment. The record does not reflect that the appellant was ever given any notice of the formal signing of this judgment.
If the time within which to perfect the appeal commenced with the February 26th signing of the judgment, then of course the appeal is untimely either as suspensive (see LSA-CCP Art. 2123, providing generally a 15-day delay for such appeals) or as devolutive (see LSA-CCP Art. 2087, providing generally a 90-day delay for such appeals).
The appellant Jim Walter contends, however, that its appeal was timely perfected. In this regard, Jim Walter contends that the delays within which to perfect an appeal did not commence with the signing of the judgment, but that they were to commence only with the mailing of a notice of judgment. Since notice of judgment was never mailed to it, Jim Walter contends that its appeal was perfected by its June 14th petition and June 16th filing of the appeal bond.
As originally enacted, Article 1913 of the Louisiana Code of Civil Procedure (1960) did in fact require that “ * * * Notice of the signing of * * * final judgments shall be mailed by the clerk * * * to the counsel of record for each party *
However, this code article was amended by Act 23 of 1961 so generally to eliminate this requirement and to provide: "Except as otherwise provided in the first two paragraphs of this article [which set out certain limited exceptions not here pertinent], notice of the signing of a final judgment is not required.” The Reporter’s Explanatory Note states that the specific intent of the amendment was to eliminate the 1960 innovation of requiring formal notice of the signing of a final judgment.
*796 Nevertheless, although the general rule is that formal notice of the signing of a judgment is not required, the appellant Jim Walter strongly suggests that in this particular case it was entitled to notice of the date the judgment was formally signed. In September 1963, soon after suit was filed, Jim Walter had filed a formal notice with the cleric requesting, inter alia, “immediate notice of any order or judgment made or rendered in this cause upon the entry of any such order or judgment.” Jim Walter suggests that the failure of the clerk to mail it notice of the signing of the judgment suspended the running of appellate delays until such notice was mailed.
A written request of counsel makes it obligatory upon the trial clerk to mail the requesting party notice of the date of trial (see LSA-CCP Art. 1572) or of the deciding of any interlocutory order or judgment (see LSA-CCP Art. 1914). Likewise, if the case had been taken under advisement, the clerk is required to mail notice of the final judgment (see second paragraph of LSA-CCP Art. 1913). However, none of these provisions apply to the present situation.
After the present case was tried, the trial court immediately gave orally its reasons for judgment adverse to the defendant, with the concluding comment, “Final judgment to be signed upon submission.” As earlier noted, the final judgment was presented to it and signed the following day. The case was thus not taken under advisement.
Even though the attorney requested notice of the signing of the judgment, the Code of Civil Procedure does not place upon the clerk a duty to mail such notice of the formal signing of the final judgment in cases such as the present where the case is decided from the bench and not taken under advisement. (The concept apparently is that the need for notice is obviated by counsel’s awareness that adverse judgment may be signed at any time.) Whatever inclination we may have to feel that this is unduly technical a construction and susceptible to harsh results in given instances, is outweighed by the legislative history of LSA-CCP Art. 1913, indicating a positive; legislative intent that notice of the signing of judgment is not required to be mailed “except” in the limited instances specified by the code article.
For the reasons assigned, therefore, we sustain the motions to dismiss the appeal filed by the plaintiff Georgia-Pacific Corporation and by James J. Laperouse, third-party defendant. See also Spears v. Four-my, La.App. 1 Cir., 150 So.2d 342.
A similar motion is filed by the New Iberia National Bank, appellee third-party defendant, but the appeal as to it is dismissed for another reason.
As to this party, the trial court orally maintained its exceptions of no cause of action and dismissed the suit as against it. However, we could find nowhere in the record any signed judgment dismissing this third-party demand against the New Iberia National Bank. Therefore, there is no final judgment from which an appeal can be taken, the present appeal is premature, and this court will on its own motion dismiss the appeal insofar as this third-party defendant is concerned. LSA-CCP Art. 1911; Fontenot v. Lee, La.App. 3 Cir., 160 So.2d 26 and cases therein cited.
Appeal dismissed.
On Application for Rehearing.
En Banc. Rehearing denied.