402 So.2d 282 (1981)
Kenneth W. CARPENTER, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, et al., Defendants,
State of Louisiana, through the Department of Transportation and Development, Defendant-Appellee.
No. 8247.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1981.
*283 Charles F. Wagner, Pineville, for plaintiff-appellant.
R. Randall Roche, Baton Rouge, Paul Henry Kidd, Monroe, for defendant-appellee.
Before DOMENGEAUX, GUIDRY, and CUTRER, Judges.
DOMENGEAUX, Judge.
This is a personal injury case. Plaintiff, Kenneth W. Carpenter, seeks damages as a result of an automobile collision which occurred on an icy bridge. The accident was between a vehicle which plaintiff owned and was driving, and one owned and being driven by Mrs. Clara Andrews, one of the defendants herein. Several other parties were named as defendants, however, because of a settlement made with certain defendants, and an exception being maintained as to another, the only defendant remaining in this appeal is the State of Louisiana, Through the Department of Transportation and Development (the Department).[1] The plaintiff has appealed *284 from a decision of the trial court in favor of the Department. We affirm.
The issue on appeal is whether or not the trial court erred in concluding that the accident was not caused by the negligence of the Department.
On January 18, 1978, Mrs. Clara Andrews was driving toward Monroe after attending a seminar conducted in Baton Rouge. She left Baton Rouge about 1:00 P.M. and drove continuously and without interruption until about 5:30 P.M., when she reached the Little River Bridge situated on U. S. 165, about 3 miles south of its intersection with U. S. 84 in LaSalle Parish. The weather was very cold. It had been raining in the area and freezing conditions prevailed. At about 3:00 P.M. a Highway Department crew spread lightweight clay aggregate on the bridge because ice had formed on the bridge deck. It continued to rain thereafter and by 5:30 P.M. the aggregate had been covered over by newly formed ice. Mrs. Andrews approached the bridge in the northbound lane at a speed of approximately 30 miles per hour. Once on the bridge, she lost control of her automobile and skidded into the southbound lane of traffic. The plaintiff, Kenneth W. Carpenter, was driving in the southbound lane and collided with Mrs. Andrews' vehicle near the north end of the bridge, sustaining serious personal injuries.
The plaintiff contends that the Highway Department was negligent in failing to open the "Ice on Bridge" signs prior to the accident. The evidence on this issue is conflicting. As shown hereafter, though, the trial judge professed his belief in one witness who said the signs were open. Notwithstanding this, the trial court nevertheless concluded that any failure to open the signs would not have been a cause in fact of the accident because Mrs. Andrews testified that she would not have slowed down had the signs been open, for she was already traveling slow on account of the inclement weather. The trial judge stated:
"Mrs. Andrews testified that she drove slowly on the bridge and that she had been driving slow all the way from Baton Rouge. Considering the time lapse and distance covered, her testimony is highly creditable and it is uncontroverted. She also candidly stated that she probably would not have slowed down more had she seen the sign, seemingly because she was already going so slow. This appears reasonable considering her awareness of prevailing weather. She had not encountered ice previously but apparently she was taking no chances under the circumstances."
Generally, it is the duty of the Department to construct and maintain the highways in a condition reasonably safe for persons exercising ordinary and reasonable care. U. S. F. & G. Co. v. State, Department of Highways, 339 So.2d 780 (La.1976); Coleman v. Houp, 319 So.2d 831 (La.App. 3rd Cir. 1975). However, the Department is not responsible for every accident which may occur on the state highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury which may result from defects in such highways. U. S. F. & G. Co. v. State, Department of Highways, supra; Barnes v. Liberty Mutual Insurance Company, 350 So.2d 288 (La.App. 3rd Cir. 1977), writ refused 352 So.2d 238 (La.1977); Mauthe v. Gibson, 367 So.2d 1280 (La.App. 3rd Cir. 1979).
The trial court concluded that even if the signs were not open, such omission was not causally connected with the accident. Liability does not attach unless the conduct complained of bears a causal connection in fact to the occurrence of the *285 accident. Cause in fact is purely a factual inquiry which poses the "but for" test, meaning but for the defendant's action the accident would not have occurred. Craig v. Burch, 228 So.2d 723 (La.App. 1st Cir. 1969); Stewart v. Gibson Products Company of Natchitoches Parish, La., 300 So.2d 870 (La.App. 3rd Cir. 1974); See also: Pelloat v. State, Department of Highways, 198 So.2d 674 (La.App. 1st Cir. 1967).
The trial judge based his conclusion on Mrs. Andrews' testimony that she would not have slowed down even if she had seen an "Ice on Bridge" sign, because obviously she was going slow then. He also concluded from the facts that the Department had taken some action to remedy the traction problem presented by the ice by spreading aggregate on the bridge only two and one-half hours before the accident. Additionally, the trial judge professed his belief in the credibility of Mr. Finley, the LaSalle Parish Department maintenance supervisor, who said that the "Ice on Bridge" sign was open,... "because it seems to me that he was the only witness who testified and who was at the scene who was concerned about the signs on the evening of the accident."
Factual determinations of the trial court will not be disturbed on appeal unless the record reveals the trial court's decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Our review of the entire record indicates that the decision of the trial court is not manifestly erroneous or clearly wrong. The plaintiff failed to prove by a preponderance of the evidence any negligence on the part of the Department which was a cause in fact of the accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] Mrs. Clara Andrews, the tortfeasor in this case, was an employee of the Monroe City School Board, which was made a party defendant herein. Mrs. Andrews, her husband, and their liability insurer, Travelers Insurance Company, also made defendants, settled with plaintiff for the sum of $25,000.00. Mr. and Mrs. Andrews and Travelers were consequently dismissed from this suit. Subsequently, on August 27, 1980, as shown in the court minutes, an exception of no cause of action, filed on behalf of the School Board was sustained, and plaintiff's cause of action against the Board was dismissed.

Plaintiff-appellant, in a supplemental brief, now contends that the trial court erred in dismissing the Board from this suit. This supplemental brief was obviously filed because the Louisiana Supreme Court has now handed down the case of Sampay v. Morton Salt Company, 395 So.2d 326 (La.1981), which overruled its prior decision in Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960). Williams dealt with the solidary liability of employer and employee. Sampay held that the release of the employee (with reservation by plaintiff of rights) does not release the employer.
There is no signed judgment in the record concerning the sustaining of the School Board's exception. A judgment sustaining an exception is a final judgment. LSA-C.C.P. Articles 1841 and 1915; Fussell v. Fireman's Fund Insurance Company, 225 So.2d 727 (La.App. 1st Cir. 1969). As final judgments, those sustaining exceptions must be signed before they may be appealed. LSA-C.C.P. Art. 1911; Davis v. Clemmons, 205 So.2d 143 (La.App. 1st Cir. 1967); Georgia-Pacific Corporation v. Jim Walter Corporation, 178 So.2d 794, 796 (La.App. 3rd Cir. 1965). A minute entry is not sufficient to satisfy the requirement that an appeal may only be taken from a signed judgment. Peoples' Enterprise. Inc. v. Landry, 288 So.2d 701 (La.App. 3rd Cir. 1974); Louisiana Fuel Supply Company v. Gunter, 230 So.2d 660 (La.App. 2nd Cir. 1970); Gay v. Gay, 193 So.2d 537 (La.App. 3rd Cir. 1967). For these reasons alone, the action of the trial judge sustaining the exception is not before this court because no judgment appears in the record.
Additionally, the matter is not before us because the plaintiff did not intend to appeal that unsigned judgment. Plaintiff's appeal is restricted to the judgment of the district court dated November 6, 1980, after trial on the merits, the only purpose of which was to relieve the Department of Transportation and Development from liability in this case. By specifically and categorically referring to the judgment rendered on November 6, 1980, the plaintiff has indicated that he is appealing only that particular judgment. There must be some certainty and definiteness as to which judgment is being appealed. Roche v. Big Moose Oilfield Truck Services.Inc., 371 So.2d 1374 (La.App. 3rd Cir. 1979), modified on other grounds, 381 So.2d 396 (La.1980). See also: In re: Guardian Homestead Association, 199 La. 216, 5 So.2d 750 (1942); In re: Liberty Homestead Association, 198 La. 1068, 5 So.2d 353 (1941); Pichon v. Pichon Land Company, 174 La. 77, 139 So. 764 (1932).
Although an inadvertent error as to which judgment is being appealed will not necessarily invalidate an appeal, (see Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968); and Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (1969)) there is no such inadvertency involved in the appeal at hand.