LeBLANC, Judge.
This appeal arises from a suit for survivors’ benefits pursuant to the Louisiana State Employees’ Retirement System (Lasers, Inc.). Plaintiff, Rosetta Pace, as natural tutrix and on behalf of her minor children, Vashon and Lequan Wilson, filed suit against the State of Louisiana, through Lasers, Inc. Ms. Pace alleges that her minor children are the children of Edward Toefield. Plaintiff further alleges that Mr. Toefield was killed while serving as a deputy sheriff for the Tangipahoa Parish Sheriff’s Office on February 2, 1984, and that at the time of his death, Mr. Toefield was a participant in Lasers, Inc. Based on these allegations, plaintiff contends that Vashon and Lequan Wilson are entitled to past and future survivors’ benefits pursuant to La.R.S. 42:601 et seq.
Plaintiff moved for summary judgment in this matter. Defendant filed peremptory exceptions raising the objections of non-joinder of an indispensable party and prescription. After a hearing, the trial court rendered judgment sustaining the objection of prescription and dismissing plaintiff’s action with prejudice at plaintiff’s cost. A March 10, 1989 minute entry also indicates that judgment was rendered sustaining the objection of nonjoinder of an indispensable party. This minute entry further indicates that plaintiff’s motion for summary judgment was passed without date.
Plaintiff appeals raising the following assignments of error:
(1) The trial court erred in sustaining the peremptory exception raising the objection of prescription.
(2) The trial court erred in sustaining the peremptory exception raising the exception of nonjoinder of an indispensable party.
(3) The trial court erred in not granting plaintiff’s motion for summary judgment.
PRESCRIPTION
According to plaintiff’s petition, Edward Toefield died on February 2, 1984. Plaintiff’s petition was filed in the Twenty-first Judicial District Court for the Parish of Tangipahoa on July 5, 1988 and was subsequently transferred by joint motion of plaintiff and defense counsel to the Nineteenth Judicial District Court for the Parish of East Baton Rouge on September 7, 1988.
La.R.S. 42:601 provides that “qualifying survivor’s benefits ... become effective as of the day following the death of the member.” Thus, the prescriptive period applicable to an action for survivors’ benefits would have begun to run on February 3, 1984 (one day after Toefield’s death) in the *131 present case. Since the legislation which establishes the retirement system, and more particularly the legislation addressing survivors’ benefits, does not provide for any particular prescriptive period, plaintiffs action for survivors’ benefits is subject to a ten year prescriptive period. La. C.C. art. 3499.[1] Thus, plaintiff’s action, which was filed during 1988, was filed within ten years of Mr. Toefield’s death in 1984 and is timely. Accordingly, the judgment of the trial court sustaining the exception of prescription is reversed.
INDISPENSABLE PARTY
Plaintiff contends that the trial court erred in sustaining defendant’s objection of nonjoinder of an indispensable party.[2] However, the action of the trial court sustaining the exception is not properly before this court because there is no signed judgment in the record concerning this objection. Since a judgment sustaining an exception is a final judgment, it must be signed before it can be appealed. La.C. C.P. articles 1841, 1911 and 1915. Carpenter v. Travelers Ins. Co., 402 So.2d 282, 283 n. 1 (La.App. 3rd Cir.1981). A minute entry is not sufficient to satisfy the requirement that an appeal may only be taken from a signed judgment. Id.
SUMMARY JUDGMENT
Plaintiff contends that the trial court erred in failing to grant her motion for summary judgment. However, the trial court did not rule on the motion for summary judgment. Therefore, there is no trial court judgment to be reviewed by this court. We cannot consider plaintiffs motion for summary judgment in a de novo posture. See, La.C.C.P. art. 2082, 2083.
For the above reasons, the trial court’s judgment sustaining the objection of prescription and dismissing plaintiff’s suit is reversed. The case is remanded to the district court for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed against defendant; all other costs are to await final disposition of the case.
REVERSED AND REMANDED.

. In defendant’s trial memorandum in support of its peremptory exceptions, defendant argues that the prescriptive period to be applied in this case should be that period which governs an action for filiation. Defendant argues that plaintiffs failure to institute a filiation proceeding during the lifetime of Mr. Toefield or within one year after death, pursuant to La.C.C. art. 209(C), requires a finding that the present suit is prescribed. We note that plaintiff, in her petition, does not seek to have her minor children filiated to Mr. Toefield. Thus, this is not a suit for filiation. In order to prevail in this suit for survivors' benefits, plaintiff will be required to establish the filiation of her minor children to Mr. Toefield. However, whether or not plaintiff can establish filiation is not relevant to the exception of prescription now being considered.

. In support of the objection of nonjoinder of an indispensable party, defendant alleged that Emma Toefield, Edward Toefield’s widow, is an indispensable party to this action, both in her individual capacity and as tutrix of Angela Toe-field, a surviving minor child of Edward Toe-field. Defendant alleged that Emma and Ange-lea Toefield presently receive survivors’ benefits from Lasers, Inc.