| ARMSTRONG, Judge.
The writ application of relator American Empire Insurance Surplus Lines Insurance Company (“American Empire”) is denied because exercise of our supervisory *336 jurisdiction would not expedite the ultimate disposition of this case as to American Empire or any other party and American Empire has an adequate remedy by appeal from a final judgment. The issue and arguments raised by American Empire’s writ application may be raised, if necessary, on an appeal from a final judgment after trial.
We have reviewed all of the pleadings in the record to determine exactly what factual claims are alleged and what legal theories are averred as to those claims. We will mention here only those pleadings, allegations and legal theories most immediately relevant to the insurance coverage issue raised by American Empire.
The respondents, Elizabeth and John E. Stratton, through their petition in intervention in trial court action 96-4985, as twice supplemented and amended, allege that Fink (and American Empire as Fink’s insurer) is liable as a result of water damages occurring at the premises leased by the Strattons from Fink. Those 1 ¡¡premises are used for a business. In action No. 96-4985, the Strattons allege damage to their property located on the leased premises, loss of business, loss of use of the leased premises until repairs were made and partial loss of use of the premises after repairs were made due to regulatory constraints. The Strattons aver legal theories of strict liability, negligence and breach of lease.[1]
American Empire filed a motion for summary judgment. American Empire’s motion is based upon the contention that there is no coverage under its policy as to the Stratton’s claim for partial loss of use of the premises following repairs due to regulatory constraints. More specifically, American Empire’s motion for summary judgment argued that that claim is one for breach of contract (i.e., breach of the lease) and that the insurance policy covers only tort claims. The trial court denied American Empire’s motion for summary judgment. American Empire brings the present application for supervisory writs seeking review of that trial court denial of the motion for summary judgment.
Even if we were to accept American Empire’s coverage argument (we do not decide that issue in this opinion), and grant American Empire’s motion for summary judgment, that would not end the litigation as to American Empire or any other party. The Strattons would still have pending against American Empire (and its insured, Fink) their claims for damage to their property on the leased premises, loss of business and loss of use of the premises while repairs were made. Further, [3the Strattons aver, not only breach of contract, but also tort theories (strict liability and negligence) as to all of their claimed damages including the partial loss of the leased premises following repair. Thus, even if we were to grant American Empire’s motion for summary judgment, the Strattons would still have pending the bulk of their claims against American Empire. Also, the Stratton’s casualty insurer, State Farm, as partial subrogee to the Strattons, has claims against American Empire and those State Farm claims would not be affected by the granting of American Empire’s motion for summary judgment.
In two prior decisions, we have held that we may consider, under our supervisory jurisdiction, the denial of an insurer’s motion for summary judgment if, but only if, granting the motion for summary judgment will terminate the litigation as to that insurer:
*337 St. Paul, relying on the exclusion quoted above, moved for summary judgment which was denied by the trial judge. Since St. Paul could not appeal from the court’s refusal to render summary judgment, LSA-C.C.P. Art. 968, its only available remedy was to apply for a writ of certiorari.
In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) the court granted a writ from a judgment overruling a peremptory exception of no cause of action. The same rationale applies to the trial court’s refusal to render summary judgment in this case. Since there is no dispute of fact to be resolved and because reversal of the judgment denying St. Paul’s motion for summary judgment will terminate the litigation as to that defendant, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs be decided to avoid the waste of time and expense of a possibly useless future trial on the merits as it affects this defendant. See Herlitz, supra, |4and Mangin v. Auter, 860 So.2d 577 (La.App. 4th Cir.1978).
Kiefer v. Whittaker, 468 So.2d 587, (La. App. 4 Cir. 3/26/85), (emphasis added), writ denied, 469 So.2d 979 (La.1985).
Ordinarily, an appellate court generally will not exercise its supervisory jurisdiction absent a showing of irreparable injury or unless an ordinary appeal does not afford an adequate remedy. Guidry v. Shelter Insurance Co., 535 So.2d 393, 395 (La.App. 3rd Cir.1988), citing Stevens v. Patterson Menhaden Corp., 191 So.2d 692 (La.App. 1st Cir.1966), writ den., 250 La. 5, 193 So.2d 524 (1967). Nor will a court of appeal routinely exercise its supervisory jurisdiction to review the denial of a motion for summary judgment. Casnave v. Dixie Building Material Company, Inc., 490 So.2d 381, 382 (La.App. 4th Cir.1986). However, in cases like this where there is no dispute of fact and a reversal of the judgment will terminate the litigation as to the relator, judicial efficiency and fundamental fairness dictate that the merits of the application for writs be decided. Id., Moreau v. Moran, 465 So.2d 202, 205 (La.App. 3rd Cir.1985). See also Herlitz Construction Company Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
Duet v. Lucky, 93-1116 (La.App. 4 Cir. 6/30/93), 621 So.2d 168, 170 (emphasis added). In contrast to the Kiefer and Duet cases, granting the insurer’s motion for summary judgment in the present case would not terminate the litigation against the insurer.
Because exercising our supervisory jurisdiction in this matter would not expedite the resolution of this litigation, and, indeed, would affect only one small facet of the claims below, relator’s application for supervisory writs is denied.

WRIT DENIED.

. For no apparent reason, but perhaps due to a change in counsel, the Strattons initiated a new action, which became action 96-21407 in the trial court, by the filing of a petition which they supplemented and amended. In No. 96-21407, the Strattons sued the same defendants, Fink and American Empire, alleged the same claims and averred the same legal theories as they did in action No. 96-4985. The two actions, No. 96-4985 and No. 96-21407, were consolidated. American Empire filed an exception of lis pendens as to the later-filed action, No. 96-21407, which exception the briefs indicate was maintained although that does not appear in the record.