826 So.2d 577 (2002)
WEEKS, KAVANAGH & RENDEIRO
v.
Brenda BLAKE, et al.
No. 2002-C-0964.
Court of Appeal of Louisiana, Fourth Circuit.
August 14, 2002.
*578 Gino J. Rendeiro, Weeks, Kavanagh & Rendeiro, New Orleans, LA, for Weeks, Kavanagh & Rendeiro.
C.G. Norwood, Jr., Mark N. Bodin, Patrick J. O'Cain, McGlinchey Stafford, PLLC, New Orleans, LA, for McGlinchey Stafford, PLLC, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, and Cross, Gunter, Witherspoon & Galchus.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES, and Judge JAMES F. McKAY, III).
CHARLES R. JONES, Judge.
We review the writ application of the Relator, Weeks, Kavanagh & Rendeiro, seeking review of the judgment of the district court granting an Exception of Nonjoinder of an Indispensable Party and dismissing its claims against Appellees, McGlinchey Stafford, P.L.L C., Toyota Motors Sales, I.S.A., Inc., Toyota Motor Corporation, and Cross, Gunter, Witherspoon & Galchus.
Further, for the reasons which follow, this Court, in accordance with our opinion in State v. Baynes, 96-0292 (La.App. 4 Cir. 7/31/96), 678 So.2d 959, converts the writ application of the Relator, Weeks, Kavanagh & Rendeiro, as a timely appeal seeking review of the judgment of the district court. Having reviewed the appeal of Weeks, Kavanagh & Rendeiro, we affirm.

Statement of Facts
This suit involves an attempt to enforce an attorney fee lien. The underlying litigation leading up to this action is a personal injury action arising out of an accident that occurred in Pope County, Arkansas. David Ennis, the operator of a Toyota 4Runner, struck an obstruction in the roadway, causing the Toyota vehicle to roll over numerous times ejecting all occupants from the vehicle. Two occupants of the vehicle sustained fatal injuries and the remaining occupants sustained severe personal injuries. Brenda Blake, the mother of one of the deceased occupants and one of the survivors, retained Weeks, Kavanagh & Rendeiro to represent her family in connection with their personal injuries/wrongful death actions. Ms. Blake entered into a contingency fee contract with Weeks, Kavanagh & Rendeiro. After Weeks, Kavanagh & Rendeiro performed substantial legal work in the case, Ms. Blake discharged them without cause and retained McGlinchey, Stafford, Cross, Gunter, Witherspoon & Galchus, P.C., (hereinafter "McGlinchey") and Clyde Tab Turner, P.A. d/b/a Turner & Associates. A settlement was eventually reached between Ms. Blake and the tortfeasors. Prior to transfer of the settlement funds to Ms. Blake's family, all defendants were allegedly formally placed on notice of the attorney fee lien on behalf of Weeks, Kavanagh & Rendeiro. However, the defendants *579 refused to honor the attorney fee lien and refused to list Weeks, Kavanagh & Rendeiro as a payee on the check providing the settlement funds.

Procedural History
Weeks, Kavanagh & Rendeiro filed suit against Brenda Blake, Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., McGlinchey and Clyde Tab Turner, P.A., d/b/a Turner & Associates, in the Civil District Court for the Parish of Orleans. McGlinchey and the Toyota defendants filed exceptions of failure to state a cause of action, improper and/or inconvenient venue, lack of subject matter jurisdiction, non-joinder of a necessary party and lack of personal jurisdiction. Clyde Tab Turner filed an exception of lack of personal jurisdiction. The exceptions were heard and the district court granted Mr. Turner's exception of lack of personal jurisdiction. The judgment granting McGlinchey's exception of Nonjoinder of an Indispensable Party and dismissing the claims of Weeks, Kavanagh & Rendeiro was signed on March 7, 2002. Is it from this judgment Weeks, Kavanagh & Rendeiro seek review. After review of the instant writ application and the clearly appealable issues involved, this Court, on its own motion, converts the instant writ into an appeal and further requires that the appropriate appeal bond in filed within this Court
Weeks, Kavanagh & Rendeiro argue that the district court erred in dismissing its action against McGlinchy, Toyota Motor Sales, U.S.A., Inc. Toyota Motor Corporation and Cross, Gunter, Witherspoon & Galchus, because Mr. Turner is not an indispensable party to the litigation. They further argue that the district court had subject matter jurisdiction over the matter and venue was proper in Orleans Parish.

Legal Analysis
Ms. Blake and McGlinchy argue that this Court should refuse to exercise its supervisory jurisdiction to review the March 7, 2002 judgment because 1) the writ application was filed untimely, 2) the judgment is interlocutory and may be revised at any time, and 3) the district court did not err in granting the exception of Nonjoinder of an Indispensable Party.
We find that it is unnecessary for this Court to address the timeliness of the writ application because once this Court, sua sponte, converted the instant writ into an appeal, the issue of timeliness became moot.
We resolve this matter by noting that the March 7, 2002 judgment rendered by the district court is an appealable judgment. The judgment specifically states, "IT IS FURTHER ORDERED, ADJUDGE [sic] AND DECREED that this Judgment is a Final Judgment of this Court." While this statement by the district court that this judgment is final is not dispositive of the true nature of the judgment, a review of the judgment supports a finding that the judgment is in fact final. A judgment sustaining an exception is a final judgment. Pace v. State Through Louisiana State Employees Retirement System, 569 So.2d 129 (La.App. 1 Cir. 1990); Carpenter v. Travelers Ins. Co., 402 So.2d 282, 283, footnote 1 (La. App. 3 Cir.1981); La. C.C.P. arts. 1841 and 1915. Final judgments are appealable. La. C.C.P. art.2083.
The judgment in question granted Ms. Blake's and McGlinchy's exception of Nonjoinder of An Indispensable Party and dismissed Weeks, Kavanagh & Rendeiro's claims against them, "without prejudice to the right of plaintiff to refile its action in the State of Arkansas." Although this judgment states that the case is dismissed *580 without prejudice, the qualifying language that it is dismissed without prejudice to file the action in Arkansas makes it clear that the judgment is final insofar as maintaining this action in a Louisiana court. Moreover, the rule is long established that a judgment of dismissal without prejudice is a final judgment that may be appealed. Butler v. Flint-Goodridge Hosp. of Dillard U., 346 So.2d 1131, 1132 (La.App. 4th Cir. 1977); Leger v. Delahoussaye 464 So.2d 1, 3 (La.App. 3 Cir.1984).
However, McGlinchey argues that the March 7, 2002 judgment only dismissed Weeks, Kavanagh & Rendeiro's action against them. They note that Ms. Blake is still a party to the action and was not dismissed as a defendant. For this reason they argue that the judgment is a partial final judgment. Because the district court failed to properly designate the judgment as a final judgment, Weeks, Kavanagh & Rendeiro argue that pursuant to La. C.C.P. art. 1915(B), the judgment is only reviewable via a timely filed application for supervisory review.
La. C.C.P. art. 1915(B) provides in relevant part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Pursuant to the above-cited provision of law, judgments adjudicating fewer than all claims or rights of the parties are considered partial final judgments and are appealable only upon designation. However, the reliance upon La. C.C.P. art. 1915(B) by Ms. Blake and McGlinchey is misplaced because the March 7, 2002 judgment dismissing the action as to them is covered by the provisions of La. C.C.P. art. 1915(A), which states in relevant part:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors. (emphasis added)
The comments to La. C.C.P. art.1915 further clarifies that cases that fall under La. C.C.P. art. 1915(A) are appealable, without the necessity of a designation.[1] The legislature *581 provided additional clarification as to partial final judgments governed by La. C.C.P. art. 1915(A) which are appealable without having to be so designated, by adding the following two sentences to La. C.C.P. art.1911:
No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.

Decree
For the reasons stated herein, the writ application of Weeks, Kavanaugh & Rendeiro is converted into an appeal. Further, there was no error by the district court in granting the exception of Nonjoinder of an Indispensable Party in favor of McGlinchey, Toyota Motors Sales, U.S.A., Inc., Toyota Motor Corporation and Cross, Gunter, Witherspoon & Galachus and dismissing the claim of Weeks Kavanagh & Rendeiro.
AFFIRMED.
NOTES
[1] The 1999 comment provides, "The language in 1915(B)(1) is amended to eliminate confusion with Article 1915(A) by the elimination of "parties" from (B)(1). A partial final judgment under Article 1915(B) is appealable only if so designated by the court". See Banks v. State Farm, 708 So.2d 523 (La.App. 2 Cir. 1998). A final judgment under Article 1915(A) is appealable without being so designated, except for a partial summary judgment under Article 966(E).... See C.C.P. Art.1911.