930 So.2d 948 (2006)
Blaine STROTHER
v.
CONTINENTAL CASUALTY COMPANY, Southern Food Groups, L.P. d/b/a Foremost Dairy, and Freddie Lynn Fair.
No. 2006-C-302.
Supreme Court of Louisiana.
June 2, 2006.
*949 PER CURIAM.
In this suit arising from a vehicular collision, the plaintiffs filed suit against multiple defendants, including Continental Casualty Insurance Company, Southern Foods Group, L.P. d/b/a Foremost Dairy, Dean Foods Product Company, Freddie Lynn Fair and Hollis Mancil d/b/a H & M Motors. In the course of the proceedings, the parties agreed to sever the trial of the plaintiffs' claims against Hollis Mancil d/b/a H & M Motors ("H & M Motors") from the other defendants. After a jury trial, the trial court signed a written judgment with regard to the plaintiffs' claims against all defendants except H & M Motors in conformity with the jury's verdict on September 30, 2003. Notice of the signing of this judgment was mailed from the clerk of court's office on October 1, 2003.
The record shows that on October 30, 2003, the defendants other than H & M Motors filed into the record a petition for a suspensive appeal. The trial court had earlier signed an order granting this appeal on October 27, 2003.
Despite their requested appeal, on October 30, 2003, the defendants other than H & M Motors filed a pleading to amend the judgment pursuant to La.Code Civ. P. Art. 1915(B), asking the trial court to sign an amended judgment, incorporating certain amendments alleged to be in accordance with an oral agreement entered into between the parties and the court, and to designate the amended judgment as appealable. On November 10, 2003, the trial court signed an amended judgment which made four alterations in the original judgment and designated the amended judgment as immediately appealable under La. Code Civ. P. Art. 1915(B). Notice of the signing of the amended judgment was mailed by the clerk of court's office on November 10, 2003.
On November 19, 2003, the defendants other than H & M Motors filed a motion for judgment notwithstanding the verdict as to their liability. On March 8, 2004, the trial court signed a judgment denying the motion for judgment notwithstanding the verdict. In the interim, on January 29, 2004, the trial court signed a written judgment dismissing the plaintiffs' claims against H & M Motors due to compromise by these parties.[1]
*950 Plaintiff[2] filed a motion for devolutive appeal on April 14, 2004. The trial court signed an order granting the appeal. The court of appeal, acting sua sponte, issued a rule for the plaintiff to show cause by brief only why his appeal should not be dismissed as untimely. After considering the briefs filed, the court of appeal declared the amended judgment of November 10, 2003 null and void, finding that the trial court's judgment of September 30, 2003 was an appealable judgment and that the plaintiff's appeal was untimely.
We find that the September 30, 2003 judgment of the trial court was a partial judgment under La.Code Civ. P. Art. 1915(B), and not a final judgment under La.Code Civ. P. Art. 1915(A). Contrary to the court of appeal's determination, we find that the situation at issue is dissimilar from any of the procedural situations described in subsection (A). Instead, here a partial judgment was signed on a part of the principal demand against one set of defendants. Thus, these circumstances fit subsection (B)(2), in that a judgment was signed "adjudicat[ing] fewer than all claims or the rights and liabilities of fewer than all the parties . . .". With the trial court's entry of judgment on September 30, 2003, the action was not terminated and the partial judgment did not constitute a final judgment for the purpose of an immediate appeal due to the absence of a designation that it was a final judgment. As such, the judgment could be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Additionally, we find the court of appeal was incorrect in finding that the amended judgment made substantive changes to the original judgment in violation of La.Code Civ. P. Art. 1951. The changes made were either mistakes in mathematical calculations which the parties agreed were incorrect, were changes in phraseology which effected no actual change in the judgment or any computation in the judgment, or were clarifications of what the original judgment ordered.[3] It is apparent from the record that all of the parties believed the original judgment was a partial, non-final judgment which could be amended. The trial court had the authority to render the amended judgment under La.Code Civ. P. Art. 1951.
As the amended judgment was properly entered on Monday, November 10, 2003, then the motion for judgment notwithstanding the verdict, filed November 19, 2003 was timely and interrupted the appeal delays. See La. C.C.P. art. 1811(A)(1) (motion for judgment notwithstanding the verdict must be filed not later than seven days, exclusive of legal holidays, after the clerk has mailed notice of judgment.).[4] The trial court denied the motion for judgment notwithstanding the verdict on March 8, 2004. The plaintiff filed a motion for devolutive appeal on April 14, 2004, or within 60 days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict from the March 8, 2004 amended judgment. See La. C.C.P. art. 2087(A)(1). Thus, the plaintiff's appeal was timely and should not have been dismissed.
*951 Considering the foregoing, the court of appeal's judgment declaring as null the trial court's amended judgment of November 10, 2003, is reversed; the amended judgment of the trial court is reinstated as a final, appealable judgment under La. C.C.P. art. 1915(B); and the plaintiff's appeal is reinstated. This case is remanded to the court of appeal for further proceedings not inconsistent with this opinion.
NOTES
[1] On January 6, 2004, the defendants other than H & M Motors filed a motion for leave of court to furnish part of the security for the appeal pursuant to La.Code Civ. P. Art. 5121 and to fix the amount of the suspensive appeal bond. In the March 8, 2004 judgment, the trial court also set the amount of the suspensive appeal bond and permitted the defendants other than H & M Motors to post the bond partially in cash and partially by surety.
[2] Although Blaine and Connie Strother were the original plaintiffs, only Blaine Strother pursued an appeal of the trial court judgment.
[3] For instance, the original judgment cast Ds with all costs. The amended judgment detailed what those costs were.
[4] Tuesday, November 11, 2003, was Veteran's Day, a legal holiday. Sunday, November 16th, was a legal holiday pursuant to La. R.S. 1:55(A)(1). Thus, November 19th was the seventh day from the mailing of the notice of judgment excluding legal holidays.