JOAN BERNARD ARMSTRONG, Chief Judge.
| ,The relator/defendant, Bobby Butler, seeks supervisory review of the judgment granting the respondent/defendant, Zurich American Insurance Company’s (Zurich) motion for summary judgment.
Zurich is the insurer of Associated Hospital Services, Inc. (Associated), a hospital laundry service business owned by East Jefferson and West Jefferson Hospitals. At all times relevant to this litigation, the plaintiff, Ms. Clara Ricks, and the relator, Bobby Butler, were co-employees of Associated, Zurich’s insured. The plaintiff was employed in Associated’s pack room. Relator served as Associated’s President and Chief Executive Officer.
The plaintiff alleges the following: On July 25, 2003, plaintiff was leaning over a laundry cart, with one foot on the ground and her other leg raised off the floor, attempting to reach a bag of dirty towels on the other side of the cart. As relator walked past the plaintiff, he lifted the plaintiffs raised leg, causing her to fall headfirst into the laundry cart. Plaintiff sued Associated; Zurich, Associated’s general liability carrier; relator, Bobby Butler; and State Farm Fire and Casualty Company, relator’s homeowner’s insurer, for intentional tortious injury. Plaintiff also sued the Louisiana Workers Compensation Corporation.
| ¡.Zurich and relator filed cross-motions for summary judgment. Zurich sought dismissal asserting that its policy did not provide coverage for the plaintiffs claims by virtue of the “bodily injury” exclusions in its insurance contract. Relator sought dismissal of the plaintiffs claims against him on the basis of the exclusivity provision of the Workers Compensation law.
By judgment dated May 30, 2006, the trial court granted Zurich’s Motion for Summary Judgment and dismissed it from the litigation. In that same judgment, the court also denied relator’s Motion for Summary Judgment.[1]
This timely application followed.
The threshhold question to be answered herein is whether this Court should exercise its supervisory jurisdiction to review the grant of Zurich’s Motion for Summary Judgment. An appellate court generally will not exercise its discretionary supervisory jurisdiction absent a showing of irreparable injury or unless an ordinary appeal does not afford an adequate remedy, Miller v. Tassin, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782, 790; State Farm General Ins. Co. v. Fink, 99-1833 (La.App. 4 Cir. 12/29/99), 751 So.2d 335, 337.
We find that this Court should not entertain the merits of this application for supervisory review because the grant of summary judgment in this case is a final, appealable judgment, in spite of the fact that it was a partial judgment that was not certified as final.
A final judgment of a trial court can be appealed. La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial judgment is appealable is determined by examining the requirements of La. C.C. P. art. 1915 which provides in part:
*138 A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
* * :¡: *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
* * * *
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. [Emphasis added.]
[[Image here]]
We find that the trial court’s May 30, 2006 summary judgment dismissing Zurich from the litigation is a partial final judgment under La. C.C.P. art. 1915(A), and is immediately appealable under La. C.C.P. art. 1911, which provides that “[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.” La. C.C.P. art. 1911. This Court explained in Weeks, Kavanagh Rendeiro v. Blake, 02-0964 (La.App. 4 Cir. 8/14/02), 826 So.2d 577, why the dismissal of a party is a final judgment under Article 1915(A) as amended in 1999 (effective January 1, 2000):
| ¿The comments to La. C.C.P. art. 1915 further clarifies that cases that fall under La. C.C.P. art. 1915(A) are appeal-able, without the necessity of a designation. [FN1 omitted.] The legislature provided additional clarification as to partial final judgments governed by La. C.C.P. art. 1915(A) which are appealable without having to be so designated, by adding the following two sentences to La. C.C.P. art. 1911:
No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated. [Emphasis added.]
Id., 02-0964, p. 5, 826 So.2d at 580-581.
The Fifth Circuit went into greater depth in Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins., 03-1312 (La.App. 5 Cir. 2 /23/04), 868 So.2d 905:
We are not restricted by the cases cited by defendant to support its argument that this judgment is not appealable, because those cases were rendered prior to a 1999 amendment to Article 1915(B)(1). [FN 3 omitted.] Prior to the 1999 amendment, a judgment that related to “as to one or more but less than all of the claims, demands, issues, theories, or parties [emphasis added]” could not constitute a final judgment unless designated as such by the court “after an express determination that there is no just reason for delay.”
Acts 1999, No. 1263, § 1, eliminated the term “parties” from (B)(1) to eliminate confusion with Article 1915(A). A *139 partial final judgment under Article 1915(B) is appealable only if so designated by the court, while a final judgment under Article 1915(A) is appealable without being so designated, except for a partial summary judgment under Article 966(E). As mentioned above, Art. 966(E) is not applicable to the summary judgment in favor of Federal; thus, the judgment before us is appealable.
Id., 03-1312, pp. 4-5, 868 So.2d at 907-908.
IsThe Louisiana Supreme Court, in its very recent opinion rendered in Strother v. Continental Casualty Co., et al, 06-0302 (La.6/2/06), 930 So.2d 948, also noted the distinction between appeals under La. C.C.P. art. 1915(A) and those which fall under 1915(B), thereby strongly implying agreement with the above cited cases. See also: Cavalier v. Rivere’s Trucking, Inc., 03-2197 (La.App. 1 Cir. 9/17/04), 897 So.2d 38; Sheppard v. City of Baton Rouge, 02-2421 (La.App. 1 Cir. 9/17/04) 897 So.2d 25, writ den. 04-2566 (La.1/14/05), 889 So.2d 268; and Motorola, Inc. v. Associated Indem. Corp., 02-0716 (La.App. 1 Cir. 04/30/03), 867 So.2d 715.
Having found that the judgment at issue in this writ application is a final, appeal-able judgment, we hereby convert this writ application into a timely devolutive appeal[2] pursuant to the procedure adopted by this Court in Blake, supra, and order that appeal costs be paid and the record prepared and lodged with this Court.
WRIT CONVERTED TO AN APPEAL.
McKAY, J., concurs in the result.

. Relator seeks supervisory review of this adverse ruling in the companion writ Clara Ricks v. Bobby Butler, et al, No.2006-C-0848.

. Accord: Stiltner v. Stiltner, 00-2079 (La.App. 4 Cir. 11/8/00), 772 So.2d 909.